IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN DOE,** | |
| **Plaintiff,** | Civil Action No.:   2:23-cv-01348 |
| v. | JUDGE:   VITTER |
| **THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND d/b/a TULANE UNIVERSITY,** | MAGISTRATE:   ROBY |
| **Defendant.** | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
*EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff John Doe ("Plaintiff"), by and through his attorneys Marcelle Robertson Mestayer LLC and Nesenoff & Miltenberg, LLP respectfully submits this memorandum of law in support of his Motion to Proceed Under Pseudonym.

The facts and subject matter of this action, which concern allegations of sexual assault and a resultant university disciplinary proceeding, necessarily involve the disclosure of information of the "utmost intimacy," relating to the sexual interactions between Plaintiff and "Sue Roe" and "Jane Doe." This action concerns confidential disciplinary proceedings at Tulane which resulted in Plaintiff's expulsion and have not been made public.

There is a likelihood that the disclosure of Plaintiff's identity in this action could also permanently stigmatize him as a sexual predator. Through this action, Plaintiff seeks to expunge his disciplinary record, the purpose of which would be defeated by the disclosure of Plaintiff's identity on the public docket. Forcing Plaintiff to appear in this action under his own name would also exacerbate the harm he seeks to remedy and render any eventual success on the merits

1

hollow—his name would already be permanently, publicly associated with the allegations of sexual misconduct that he seeks to vacate.

There is a risk of serious harm to Plaintiff is he is identified in this lawsuit. As alleged in the complaint, Plaintiff already faced threats to his safety, causing him to leave Tulane University ("Tulane" or the "Defendant").

To be clear, the identities of Plaintiff, Sue Roe, Jane Doe and the identities of students identified by their initials in the Complaint are known to Defendant. It is not Plaintiff's objective to in any way impede Tulane's ability to litigate this matter.

Plaintiff's privacy interest outweighs any right the public may have to know Plaintiff's identity. The presumption of openness in judicial proceedings, and corresponding right of public access, will not be impeded if Plaintiff proceeds by pseudonym because the public will still be able to monitor the case docket, review filings and attend hearings in this case. Sue Roe, Jane Doe and other nonparty students likewise have privacy interests which outweigh the public's right to know their identities.

To be clear, Plaintiff is not seeking to seal the docket. Rather, he seeks an order: i) allowing Plaintiff to proceed by the pseudonym "John Doe" in this action; ii) requiring the use of the pseudonym "John Doe" in public filings and the redaction of Plaintiff's name and identifying information from public filings; iii) prohibiting Defendant from publicly identifying Plaintiff in connection with this litigation; iv) requiring the complainants in the underlying disciplinary proceedings to be identified as "Sue Roe" and "Jane Doe" in public filings and the redaction of their names from public filings; and vi) permitting the parties to identify nonparties to the action who were Tulane University students at the time of the events alleged in the Complaint to be identified by their initials in public filings and redaction of their full names from public filings.

## STATEMENT OF FACTS

The facts relevant to this motion are set forth in the Complaint at Paragraphs 147-493.

## ARGUMENT

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, a complaint must typically identify the parties to a lawsuit. However, the United States Court of Appeals for the Fifth Circuit has recognized that, in certain cases, a party may proceed anonymously, under a pseudonym. *Doe v. Steagall*, 653 F.2d 180, 186 (5th Cir. 1981). A request to litigate under a pseudonym "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* There is no "hard and fast formula" for determining whether a party may proceed by pseudonym. *Id.*

Factors the Court may consider when determining whether anonymity is warranted include: 1) whether prosecution of the case will compel the plaintiff to disclose matters of the "utmost intimacy;" 2) whether the plaintiff is challenging government activity; and 3) whether the suit compels the plaintiff to admit an intention to engage in illegal conduct thereby risking criminal prosecution. *Id.* at 185. This is not a rigid three-step test, but part of the "matrix of considerations for arguing anonymity." *Id.* at 186. Whether prosecution of the lawsuit requires the party seeking anonymity to disclose information "of the utmost intimacy" deserves "considerable weight" when balancing a party's privacy concerns against the presumption of openness. *Id.* at 185-186.

In cases like Plaintiff's, in which male students have sued universities for flawed and deficient disciplinary proceedings resulting in erroneous findings of responsibility for sexual misconduct, courts have repeatedly allowed plaintiffs to proceed under pseudonym. *Doe v. Louisiana State Univ.*, No. 20-379-BAJ-SDJ, 2020 WL 6493768, at *2 (M.D. La. June 30, 2020). Courts in the Eastern District of Louisiana have also, on multiple occasions in recent years,

permitted similarly-situated plaintiffs to proceed under a pseudonym in lawsuits against Tulane. *See Doe v. The Administrators of the Tulane Educational Fund*, No. 2:21-cv-00364-ILRL-JVM, ECF No. 4[1] (E.D. La. Feb. 22, 2021) (granting pseudonym motion and prohibiting disclosure of plaintiff's identity) (Feldman, J.); *Doe v. The Administrators of the Tulane Educational Fund*, No. 19-11403- SSV-JVM (E.D. La. July 2, 2019), ECF No. 8,[2] ("In conducting the *Stegall* balancing test, this Court finds that the factors arguing for anonymity outweigh those arguing for public access to the plaintiff's name.") (Vance, J.); *Doe v. The Administrators of the Tulane Educational Fund*, No. 19-13425-WBV-JCW (E.D. La. Nov. 6, 2019), ECF No. 8 (Vitter, J.);[3] *Doe v. The Administrators of the Tulane Educational Fund*, No. 17-12081-MLCF-KWR (E.D. La. Nov. 17, 2017), ECF No. 7 (Feldman, J.).[4] The rationale for allowing Plaintiff to proceed under a pseudonym in this matter is as compelling as those cases where pseudonym status was previously granted. On balance, the factors at issue warrant granting Plaintiff's pseudonym motion.

### A. **This Action Requires Disclosure of Matters of the Utmost Intimacy**

This factor weighs in favor of Plaintiff proceeding by pseudonym. This suit arises from claims related to Plaintiff's sexual conduct and it, accordingly, concerns a matter of the "utmost intimacy." *Stegall*, 653 F.2d at 186; *Doe v. Univ. of Miss.*, No. 21-cv-201, 2021 WL 6752261, at *2 (S.D. Miss. Apr. 14, 2021) ("*Univ. of Miss. II*"); *Louisiana State Univ.*, 2020 WL 6493768, at *2; Robertson Decl., Ex. 2, *Administrators of the Tulane Educational Fund*, No 19-cv-11403, at 3; *Doe v. Univ. of Mississippi*, 2018 WL 1703013, at *2 (Apr. 6, 2018) ("*Univ. of Miss. I*"). Here, Plaintiff will be required to disclose intimate details concerning sexual interactions between himself, Sue Roe and Jane Doe. Compl. ¶¶ 147-189, 198-199, 244-249. An additional

---

[1] *See* Declaration of Alex Robertson, dated April 24, 2023 ("Robertson Decl."), Ex. 1.
[2] Robertson Decl., Ex. 2.
[3] Robertson Decl., Ex. 3.
[4] Robertson Decl., Ex. 4.

consideration is the confidential nature of the disciplinary proceedings underlying Plaintiff's claims. *See Doe v. Virginia Polytechnic Inst.*, No. 7:21-CV-378, 2022 WL 972629, at *4 (W.D. Va. Mar. 30, 2022) ("*Virginia Tech. II*"); *Doe v. Virginia Polytechnic Inst.*, No. 7:19-cv-00249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) ("*Virginia Tech. I*").

### B. Sexual Misconduct Allegations Pose A Risk of "Infamy"

In accordance with *Stegall*, sexual misconduct allegations "if believed, may be construed to warrant 'an opprobrium analogous to the infamy associated with criminal behavior.'" *Univ. of Miss. II*, 2021 WL 6752261, at *2 (quoting *Stegall*, 653 F.2d at 186). *See Louisiana State Univ.*, 2020 WL 6493768, at *2 (recognizing that cases in which male students accused of sexual misconduct sue universities are targets for increased media attention); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593-594 (E.D. Va. 2016) ("what justifies the use of pseudonym here is plaintiff's status as an accused perpetrator of sexual misconduct … he should not have his name forever associated in the public mind with an accusation that carries a significant social stigma"); *Doe v. Univ. of St. Thomas*, No, 16-cv-1127, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016) ("forcing Mr. Doe to proceed under his true name would guarantee a permanent label as a sexual offender, discoverable with a simple Google search").

Here, Plaintiff faced sexual assault allegations from Sue Roe and Jane Doe and now seeks to expunge his university disciplinary record. Compl. ¶¶ 521, 532. Forcing him to identify himself in this action, would subject him to "infamy" and stigma, causing the very harm he seeks to remedy through this lawsuit. *See Virginia Tech. II*, 2022 WL 972629, at *2; *Univ. of Miss. I*, 2018 WL 1703013, at *2; *Doe v. Grinnell College*, No. 4:17-cv-079, 2017 WL 11646145, at *3 (S.D. Iowa July 10, 2017); *Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. Va. 2016).

Accordingly, this factor weighs in favor of Plaintiff proceeding by pseudonym.

### C. **This Action is Against A Private University**

The defendant in this case is a private university, which does not favor anonymity. This is not dispositive, however, because plaintiffs nationwide who challenge the findings of universities in disciplinary matters involving sexual misconduct—including Tulane—have been allowed to proceed by pseudonym. Robertson Decl., Exs. 1-4. *See Doe v. Trustees of Boston Coll.*, 892 F.3d 67 (1st Cir. 2018); *Doe v. George Washington Univ.*, 321 F. Supp. 3d 118 (D.D.C. 2018); *Grinnell College*, 2017 WL 11646145; *Univ. of St. Thomas*, 2016 WL 9307609, at *2; *Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. 2015); *Doe v. Washington & Lee Univ.,* No. 14-CV- 00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015).

### D. **There Is A Risk of Real and Serious Harm**

Some courts have considered whether disclosure of the plaintiff's identity poses a risk of "real and serious harm" to the plaintiff. *See Louisiana State Univ.*, 2020 WL 6493768, at *1. Such a risk is present here. As alleged in the Complaint, even within the community of Tulane's campus Plaintiff's safety was threatened and he was forced to return home and withdraw from the University. Compl. ¶¶ 210, 212-213. *See*, *e.g.*, *Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 593 (mere accusation of sexual misconduct can invite harassment and ridicule).

### E. **Pseudonym Protection is Warranted for Nonparties**

Pseudonym protection is warranted for Plaintiff, Jane Doe and Sue Roe to protect the privacy interests of each individual. Plaintiff may be identified through the disclosure of Sue Roe's or Jane Doe's identities and vice versa. This case requires the disclosure of intimate details relating to Sue Roe and Jane Doe's sexual interactions with Plaintiff. Compl. ¶¶ 147-189, 198-199, 244-249. In addition, the disclosure of the identities of Plaintiff's accusers could subject them to harassment and ridicule. *See Virginia Tech. II*, 2022 WL 972629, at *2; *Univ. of Miss. II*, 2021

6

WL 6752261, at *2; *Louisiana State Univ.*, 2020 WL 643768, at *2; *Univ. of Miss. I*, 2018 WL 1703013, at *2.

The nonparties identified in the Complaint also have privacy interests at stake. At the time of the events in question, they were students at Tulane and witnesses in Tulane's confidential disciplinary process. *See*, *e.g.*, Compl. ¶¶ 298-329.

### F. Tulane Will Not Be Prejudiced

Tulane will not be prejudiced if Plaintiff proceeds by pseudonym in this action. *Louisiana State Univ.*, 2020 WL 6493768, at *2; *Univ. of Miss. I*, 2018 WL 1703013, at *2; *Grinnell College*, 2017 WL 11646145, at *4. Tulane knows the identities of Plaintiff, Sue Roe, Jane Doe and other non-party students because they participated in the disciplinary proceedings at issue in this case. For this reason, Tulane will have "an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly." *Grinnell College*, 2017 WL 11646145, at *4 (citation omitted).

### G. Plaintiff's Privacy Interests Outweigh the Presumption of Openness

Plaintiff's privacy interests outweigh the presumption of openness in judicial proceedings. *Louisiana State Univ.*, 2020 WL 6493768, at *3; Robertson Decl., Ex. 2, *Administrators of Tulane Educational Fund*, No. 19-11403, Order, at p. 3. The public does not have a strong interest in this case because it does not challenge government activity. Robertson Decl., Ex. 2, *Administrators of Tulane Educational Fund*, No. 19-11403, Order, at p. 3 (public right to scrutinize governmental functioning would not be diminished by anonymity); *Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 594 (noting "pellucid public interest" in litigation involving government officials). In addition, because Plaintiff is not seeking to seal the docket, "the facts of this case and the reasoning of the Court will remain available to the public." Robertson Decl., Ex. 2, at p. 3. *See*

7

*Virginia Polytechnic Inst.*, 2022 WL 972629, at *1 (W.D. Va. Mar. 30, 2022) ("public has access to the docket in this case, and can read the pleadings, opinions, and orders and attend hearings"). This is apparent on the face of the Complaint, which contains considerable factual detail in support of Plaintiff's claims against Tulane, giving the public access to the facts and legal theories at issue in this case.

## CONCLUSION

For the above stated reasons, Plaintiff respectfully requests that the Court enter an order: i) allowing Plaintiff to proceed by the pseudonym "John Doe" in this action; ii) requiring the use of the pseudonym "John Doe" in public filings and the redaction of Plaintiff's name and identifying information from public filings; iii) prohibiting Defendant from publicly identifying Plaintiff in connection with this litigation; iv) requiring the complainants in the underlying disciplinary proceedings to be identified as "Sue Roe" and "Jane Doe" in public filings and the redaction of their names from public filings; and vi) permitting the parties to identify nonparties to the action who were Tulane University students at the time of the events alleged in the Complaint to be identified by their initials in public filings and redaction of their full names from public filings, along with such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Alex T. Robertson
Brian P. Marcelle (La. Bar No. 25156)
Alex T. Robertson (La. Bar No. 37285)
Jacques C. Mestayer (La. Bar. No. 37230)
**Marcelle Robertson Mestayer LLC**
650 Poydras St. Ste 2720
New Orleans, LA 70130
Phone: (504)910-6220
Fax:    (504)910-6800
brian@mrmlaw.com
alex@mrmlaw.com

jacques@mrmlaw.com
*Local Counsel for Plaintiff*

- *And* -

/s/ Andrew T. Miltenberg
Andrew T. Miltenberg (*pro hac vice* admission pending)
Kara L. Gorycki (*pro hac vice* admission pending)
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
212-736-4500 (telephone)
amiltenberg@nmllplaw.com
kgorycki@nmllplaw.com
*Attorneys for Plaintiff*