UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DOE | CIVIL ACTION |
| VERSUS | NO. 19-11403 |
| THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiff's motion to proceed under a pseudonym.[1] For the following reasons, the Court will grant plaintiff's motion.

### I. BACKGROUND

This case arises from disciplinary action taken against plaintiff John Doe by the Administrators of the Tulane Educational Fund ("Tulane").[2] Doe asserts that Tulane suspended him following an investigation of nonconsensual sexual contact.[3] Doe further alleges that the investigation and adjudication were wrongful.[4]

---

[1] R. Doc. 3.
[2] R. Doc. 1 at 1.
[3] *Id.* at 2.
[4] *Id.* at 4-5.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties," including the plaintiff. Fed. R. Civ. P. 10(a). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981). When assessing whether a party may proceed anonymously in an action, therefore, the Court must balance "considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 186.

The Fifth Circuit has identified three factors a district court should consider when determining whether a party can proceed anonymously: (1) whether the plaintiff is "suing to challenge governmental activity"; (2) whether the suit compels the plaintiff "to disclose information 'of the utmost intimacy'"; and (3) whether the suit compels the plaintiff to admit an "intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 185 (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979)). These factors,

though, are not "a rigid, three-step test." *Id.* Rather, they are part of "the matrix of considerations arguing for anonymity." *Id.* at 186.

## III. DISCUSSION

In conducting the *Stegall* balancing test, this Court finds that the factors arguing for anonymity outweigh those arguing for public access to the plaintiff's name. On the one side, this suit arises from claims related to the plaintiff's sexual conduct. As such, it involves a matter of "the utmost intimacy"—a factor that "deserve[s] considerable weight," *Stegall*, 653 F.2d at 186. On the other side, the "public right to scrutinize governmental functioning" will not be greatly diminished by Doe's anonymity here. *See id.* at 185. The facts of the case and the reasoning of the Court will remain available to the public. *See Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015).

Other courts have also allowed plaintiffs with similar claims to proceed anonymously. *See, e.g.*, *Doe v. Colgate Univ.*, 760 Fed. App'x 22, 25 n.1 (2d Cir. 2019) (summary order) (noting plaintiff permitted to use a pseudonym); *Doe v. Miami Univ.*, 882 F.3d 579, 584 n.1 (6th Cir. 2018) (same). Indeed, Judge Feldman recently allowed a plaintiff to proceed anonymously when challenging a similar disciplinary action arising from alleged sexual

3

misconduct. *See* Order, *Doe v. Tulane Univ. et al.*, No. 17-12081 (E.D. La. Nov. 17, 2017), R. Doc. 7.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion is GRANTED. Plaintiff may proceed in this matter pseudonymously as John Doe.

New Orleans, Louisiana, this __2nd__ day of July, 2019.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE