## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN DOE** | **CIVIL ACTION NO: 23-CV-1348** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND** | **MAGISTRATE JUDGE EVA J. DOSSIER** |

## ORDER AND REASONS

Before the Court is a joint "Motion to Continue Trial Date and Unexpired Pre-Trial Deadlines" filed by Plaintiff John Doe ("John Doe") and Defendant the Administrators of the Tulane Educational Fund ("Tulane") (R. Doc. 30). Along with this motion, John Doe filed an accompanying "Motion to Seal Select Portions of the Parties' Joint Motion to Continue the Trial Date and Pre-Trial Deadlines" (R. Doc. 29). For the foregoing reasons, both motions are **GRANTED**.

## BACKGROUND

This case arises out of an allegedly "biased and flawed disciplinary proceeding" conducted by Tulane following reports of sexual misconduct by Sue Roe and Jane Doe against John Doe. R. Doc. 1 at ¶¶ 1, 2. Following the investigation, John Doe filed suit against Tulane in this Court, alleging that Tulane's investigation into the reports of sexual misconduct violated Title IX and breached John Doe's contract with Tulane. R. Doc. 1. Soon after, John Doe filed a motion to proceed under pseudonym. R. Doc. 3. Judge Vitter, to whom this case was originally assigned, granted John Doe's motion in part and allowed John Doe, Jane Doe, and Sue Roe to proceed under pseudonyms. R. Doc. 9. Judge Vitter further ordered that the names and identifying information of these individuals be redacted from all future public filings. *Id.*

Prior to filing the instant lawsuit, John Doe filed suit in another court against Jane Doe for, among other things, defamation ("the Second Lawsuit"). R. Doc. 29-7 at 1. Although John Doe sought to proceed by pseudonym in that case, too, the judge assigned to the Second Lawsuit denied John Doe's motion and ordered that the parties must proceed under their legal names. Jane Doe ultimately filed a motion to consolidate the Second Lawsuit with this one, and the Second Lawsuit was transferred to this Court. *Id.*

On May 31, 2024, the parties filed a motion to continue the trial date and unexpired pretrial deadlines on the basis that the outcome of the motion to consolidate in the Second Lawsuit may affect the parties' deadlines and potentially lead to duplicative efforts by the parties and the Court. R. Docs. 30 and 29-7 at 2. In an accompanying motion, John Doe seeks to file the parties' memorandum in support of their motion to continue under seal. R. Doc. 29. John Doe argues the parties' memorandum includes information which could lead to the identification of the parties involved in this matter. The Court will consider each motion in turn.

## LAW AND ANALYSIS

### I.   *Motion to Seal*

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "And the public's right of access to judicial records is a fundamental element of the rule of law." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519 (2022) (quoting *Leopold v. United States (In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders)*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)) (internal quotations omitted). For this reason, there is a presumption against sealing documents and the party moving to seal "bears the burden to show that the interest in secrecy outweighs the presumption." *Shell Offshore, Inc. v. Eni Petroleum US, LLC*, No. 16-CV-15537, 2017 WL

2

4226153, at *1 (E.D. La. Sept. 22, 2017) (internal quotations and citations omitted). As such, the Fifth Circuit has instructed that "a judge cannot seal public documents merely because a party asks to add them to the judicial record." *June Med. Servs.*, 22 F.4th at 520. Instead, "the court must undertake a . . . line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (quoting *Le*, 990 F.3d at 419) (internal quotations omitted).

After careful review, the Court agrees with John Doe that it is appropriate to seal the subject documents. In her Order and Reasons granting John Doe's motion to proceed under pseudonym, Judge Vitter acknowledged the public's interest in open proceedings, but found that "[John Doe's] interest in proceeding anonymously outweighs the public interest in open proceedings with respect to himself, Sue Roe, and Jane Doe." R. Doc. 9 at 3. Judge Vitter made the same finding as to Jane Doe and Sue Roe. *Id.* As John Doe explains, the only information he seeks to seal in the memorandum in support of the parties' motion could, without much effort, lead to the identification of the parties involved in this case. John Doe's request to seal is limited to the Second Lawsuit's court of origin, transfer information, and Eastern District of Louisiana case number. The Court does not believe that the public's right of access to this limited information outweighs the nondisclosure interests identified in Judge Vitter's Order and Reasons. Accordingly, the Court finds John Doe has met his burden to seal the subject information.[1]

II.     *Motion to Continue*

The parties' motion to continue seeks modification of the Court's scheduling order. The Federal Rules of Civil Procedure allow modification upon a showing of "good cause and with the

---

[1] John Doe's request to seal was, from his perspective, necessitated by the fact that the Second Lawsuit publicly identifies John Doe, Jane Doe, and Sue Roe. Should the Court ultimately determine that consolidation is appropriate— a decision which the Court in no way addresses in this Order and Reasons—the natural concern is whether the parties may seek to take additional steps to conceal their identities. The parties are cautioned that nothing in this Order and Reasons shall be construed as an opinion about whether the parties are entitled to additional relief in an attempt to maintain their anonymity, whether or not the Court ultimately decides to consolidate the cases.

3

judge's consent."  FED. R. CIV. P. 16(b)(4).  The Court finds good cause exists to modify the scheduling order and hereby vacates the parties' scheduling order.

## CONCLUSION

Accordingly, **IT IS ORDERED** that John Doe's "Motion to Seal Select Portions of the Parties' Joint Motion to Continue the Trial Date and Unexpired Pre-Trial Deadlines" is **GRANTED**.  The Clerk's Office is instructed to file the subject documents (R. Docs. 29-6 and 29-7), under seal, as exhibits to Record Document 30.

**IT IS FURTHER ORDERED** that the parties' joint "Motion to Continue Trial Date and Unexpired Pre-Trial Deadlines" is **GRANTED**.  The parties' scheduling order (R. Doc. 16) is **VACATED**, and the parties are **ORDERED** to file a joint motion to set a scheduling conference within **SEVEN DAYS** of the Court's resolution of the Second Lawsuit's Motion to Consolidate.

New Orleans, Louisiana, this 6th day of June 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**