**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOHN DOE** | * | **CIVIL ACTION NO. 2:23-cv-01348** |
| | * | |
| **VERSUS** | * | **SECTION: P (4)** |
| | * | |
| **THE ADMINISTRATORS OF THE** | * | **JUDGE DARREL JAMES PAPILLION** |
| **TULANE EDUCATIONAL FUND** | * | |
| | * | **MAG. JUDGE EVA J. DOSSIER** |
| | * | |
| **\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*** | * | |

## ORDER

CONSIDERING THE FOREGOING Motion to Seal Select Portions of the Parties'

proposed Joint/Consent Amended Protective Order, the Memorandum of Law in support thereof

and the Declaration of Kara L. Gorycki, dated April 14, 2025 in support thereof, the Motion is

GRANTED.

"Judicial records belong to the American people; they are public, not private, documents."

Binh Hoa Le v. Exeter Fin. Corp., 990 F.3d 410, 417 (5th Cir. 2021). "And the public's right of

access to judicial records is a fundamental element of the rule of law." *June Med. Servs., LLC v.*

*Phillips*, 22 F.4th 512, 519 (2022) (quoting *Leopold v. United States* (*In re Leopold to Unseal*

*Certain Elec. Surveillance Applications & Orders*), 964 F.3d 1121, 1123 (D.C. Cir. 2020))

(internal quotations omitted). For this reason, there is a presumption against sealing documents

and the party moving to seal "bears the burden to show that the interest in secrecy outweighs the

presumption." *Shell Offshore, Inc. v. Eni Petroleum US, LLC*, No. 16-CV-15537, 2017 WL

4226153, at *1 (E.D. La. Sept. 22, 2017) (internal quotations and citations omitted). As such, the

Fifth Circuit has instructed that "a judge cannot seal public documents merely because a party asks

to add them to the judicial record." *June Med. Servs*., 22 F.4th at 520. Instead, "the court must

undertake a . . . line-by-line balancing of the public's common law right of access against the

interests favoring nondisclosure." *Id.* (quoting *Le*, 990 F.3d at 419) (internal quotations omitted).

After careful review, the Court agrees with Plaintiff that it is appropriate to seal the subject documents. In the order granting Plaintiff's motion to proceed anonymously in this action (the "Pseudonym Order"), the Court acknowledged the public's interest in open proceedings, but found that Plaintiff's interest in proceeding anonymously outweighs the public interest. ECF No. 9. Plaintiff seeks to seal the parties' names and case caption in the separate litigation that is the subject of the parties' amendments to the protective order previously entered in this action.

The Court does not believe that the public's right of access to this limited information outweighs the nondisclosure interests identified in the Pseudonym Order. Accordingly, the Court finds Plaintiff has met his burden to seal the subject information.

IT IS HEREBY ORDERED that Plaintiff is permitted to file the full, unredacted copies of Exhibits 1 and 2 to the Gorycki Declaration under seal.

SIGNED, this _____16th_____ day of __April__, 2025 in New Orleans, Louisiana

_____
UNITED STATES MAGISTRATE JUDGE