IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DOE, | Civil Action No. 2:23-CV-01348 |
| | Section: P(4) |
| Plaintiff, | Judge Darrel James Papillion |
| v. | Mag. Judge Eva J. Dossier |
| THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND d/b/a TULANE UNIVERSITY, | |
| Defendant. | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT AGAINST NONPARTY NOA BANGHART

Plaintiff moves for sanctions and contempt against nonparty Noa Banghart under Federal Rules of Civil Procedure 37(b) and 45(g). Despite being served with a valid document subpoena, afforded multiple extensions, and ordered by this Court to comply, Banghart has failed without excuse to produce any documents. Her continued defiance of this Court's order compels the imposition of coercive sanctions to enforce compliance with the lawful order of this Court.

### BACKGROUND

Plaintiff issued a subpoena on nonparty Noa Banghart on October 28, 2024, seeking documents relevant to the Tulane disciplinary proceeding at issue.[1] Banghart, through counsel, requested extensions but posed no objections to the subpoena.[2] Despite multiple extensions through January 3, 2025, Banghart failed to produce any documents or assert any objections.[3] Plaintiff believes responsive documents exist as Banghart's counsel had stated: "we have been gathering responsive documents."[4]

---

[1] *See* R. Doc. 37-2.
[2] *See* R. Doc. 37-9 at 2-3.
[3] *See* R. Doc. 37-8.
[4] R. Doc. 37-1 at 3; R. Doc. 37-5 at 3.

1

Plaintiff moved to compel on March 5, 2025.[5] The Court granted the motion on April 3, 2025, ordering Banghart to produce all responsive documents by April 25, 2025.[6] Plaintiff's counsel served the motion and the Court's subsequent order on Banghart's counsel via hand-delivery and email, as directed.[7]

Banghart did not comply. She did not request additional time, offer an explanation, or otherwise respond. She remains in knowing violation of the Court's order without excuse.

## LAW AND ARGUMENT

Rule 45(g) controls: "The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999). "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions." *Sanders v. Scottsdale Ins. Co.*,

---

[5] R. Doc. 37.
[6] R. Doc. 43.
[7] *See* Ex. 1, Letter from Plaintiff's Counsel to Banghart's Counsel (Mar. 6, 2025) (enclosing Motion to Compel and related exhibits); Ex. 2, Email from Plaintiff's Counsel to Banghart's Counsel (Mar. 5, 2025) (enclosing Motion to Compel and related exhibits); Ex. 3, Email from Plaintiff's Counsel to Banghart's Counsel (Mar. 6, 2025) (serving Order Setting Oral Argument)—this was also sent via FedEx; Ex. 4, Letter from Plaintiff's Counsel to Banghart's Counsel (Apr. 4, 2025) (enclosing Order Granting Motion to Compel); Ex. 5, Email from Plaintiff's Counsel to Banghart's Counsel (Apr. 3, 2025) (enclosing Order Granting Motion to Compel).

No. CV 22-2103, 2024 WL 3274793, at *1 (E.D. La. July 2, 2024)(citing Fed. R. Civ. P. 45(a)(2) advisory committee's note (1991 amend.)).

"Contempt is characterized as either civil or criminal depending on its 'primary purpose.'" *In re Collier*, 582 F. App'x 419, 522 (5th Cir. 2014). "A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290-91 (5th Cir. 2002). The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (cleaned up).

Banghart's violation of the Court's April 3, 2025 order is undisputed. She was served personally and by email with both the order and the underlying motion to compel. She did not seek clarification, additional time, or otherwise attempt to comply. A finding of civil contempt is warranted where a party violates a definite and specific court order with knowledge of that order. *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). Banghart's complete silence and inaction meet this standard.

Banghart's continuing failure to comply warrants a coercive sanction tailored to secure compliance. Plaintiff proposes that Banghart be afforded a final fourteen (14) day period, commencing from the date of the sanctions order, within which to produce all responsive documents without monetary penalty. If Banghart complies within that window, no sanctions would be imposed. If she fails to comply, a monetary sanction of $100 per day would accrue retroactively from the date of the sanctions order and continue until full compliance occurs. This

structure imposes no sanction unless Banghart persists in disobeying the Court's order and provides a clear, reasonable opportunity to avoid penalties entirely.

The proposed monetary sanction—$100 per day accruing after a fourteen-day grace period—is proportional to the nature of the violation. It affords Banghart a final opportunity to avoid penalties entirely while establishing clear financial consequences for continued disobedience. Such a structure falls well within the Court's broad discretion to design sanctions that coerce compliance without imposing unnecessary punishment.

## CONCLUSION

Banghart's defiance of the Court's lawful order leaves no alternative. The Court should (1) hold Banghart in contempt under Rule 45(g); (2) order her to produce all documents responsive to the subpoena within fourteen (14) days of the sanctions order without penalty; (3) impose a coercive sanction of $100 per day retroactive to the date of the sanctions order if compliance is not achieved within fourteen days; and (4) award Plaintiff his reasonable attorneys' fees incurred in connection with enforcing compliance.

Alternatively, in light of Banghart's counsel's continued refusal to respond, the Court may order Banghart to appear through counsel to show cause why sanctions should not be granted.

Respectfully submitted,

*/s/ Alex T. Robertson*
Brian P. Marcelle (La. Bar No. 25156)
Alex T. Robertson (La. Bar No. 37285)
Jacques C. Mestayer (La. Bar. No. 37230)
MARCELLE ROBERTSON MESTAYER LLC
650 Poydras St. Ste 2720
New Orleans, LA 70130
Phone: (504)910-6220
Fax:    (504)910-6800
brian@mrmlaw.com
alex@mrmlaw.com
jacques@mrmlaw.com

AND

Kara L. Gorycki
NY Atty ID: 4140992, admitted Pro Hac Vice to Eastern District of Louisiana
Email: kgorycki@nmllplaw.com
Andrew T. Miltenberg
NY Atty ID: 2399582, admitted Pro Hac Vice to Eastern District of Louisiana
Email: amiltenberg@nmllplaw.com

NESENOFF & MILTENBERG, LLP.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Telephone: (212) 736-4500

Attorneys for Plaintiff

### Certificate of Service

I certify that this document and all referenced exhibits has been served on all parties through the Court's electronic filing system and that non-party Noa Banghart's counsel will be served via Hand-Delivery and Email.

*/s/ Alex T. Robertson*