

**MARCELLE ROBERTSON MESTAYER** LLC
**ATTORNEYS AT LAW**

650 Poydras St., Ste. 2720
New Orleans, LA 70130
Ph: 504-910-6220
Fax: 504-910-6800
mrmlaw.com

March 6, 2025

<u>**Via Hand Delivery:**</u>
Suzy Montero
Sternberg Naccari & White LLC
935 Gravier Street, Suite 2020
New Orleans, LA 70112

RE:    **Service of Motion to Compel**
*John Doe v. The Administrators of the Tulane Educational Fund*
United States Discrict Court for the Eastern District of Louisiana
Civil Case No. 2:23-cv-01348

Dear Suzy:

I've included the Motion to Compel that we filed with the court on March 5, 2025. If you have any questions or concerns, please do not hesitate to give me a call at (504)910-6557.

Best Regards,

Alex T. Robertson

ATR/kc

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DOE, | Civil Action No. 2:23-CV-01348 |
| | Section: P(4) |
| **Plaintiff,** | Judge Darrel James Papillion |
| v. | Mag. Eva J. Dossier |
| THE ADMINISTRATORS OF | |
| THE TULANE EDUCATIONAL | |
| FUND d/b/a TULANE UNIVERSITY, | |
| | |
| **Defendant.** | |

### PLAINTIFF'S MOTION TO COMPEL NONPARTY NOA BANGHART'S PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA

Relying upon Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Compel the Production of Documents, the Declaration of Kara L. Gorycki, dated March 3, 2025, and the exhibits annexed thereto, and the Rule 37 Certificate filed herewith, Plaintiff, John Doe, by and through his attorneys Nesenoff & Miltenberg, LLP and Marcelle Robertson Mestayer, LLC, moves the Court pursuant to Rule 45 of the Federal Rules of Civil Procedure for an order compelling nonparty Noa Banghart to produce documents in response to a subpoena served on October 28, 2024, a true and correct copy of which is annexed to the Declaration of Kara L. Gorycki, filed herewith, as Exhibit 2.

Dated: March 5, 2025

Respectfully submitted,

 /s/ *Kara L. Gorycki*
 Kara L. Gorycki
 NY Atty ID: 4140992, admitted Pro Hac
 Vice to Eastern District of Louisiana
 Email: kgorycki@nmllplaw.com
 Andrew T. Miltenberg

1

NY Atty ID: 2399582, admitted Pro Hac
Vice to Eastern District of Louisiana
Email: amiltenberg@nmllplaw.com

NESENOFF & MILTENBERG, LLP.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Telephone: (212) 736-4500

-and-

Alex Robertson
LA Atty ID: 37285

Email: alex@mrmlaw.com
Marcelle Robertson Mestayer, LLC
650 Poydras St. Ste. 2720
Telephone: (504) 910-6220

*Attorneys for Plaintiff*

Ex. 1 - p.3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHN DOE,** | **Civil Action No. 2:23-cv-01348** |
| *Plaintiff,* | **Section: P(3)** |
| v. | **Judge Darrel James Papillon** |
| **THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND d/b/a TULANE UNIVERSITY,** | **Mag. Judge Eva J. Dossier** |
| *Defendant.* | |

**DECLARATION OF KARA L. GORYCKI IN SUPPORT OF PLAINTIFF JOHN DOE'S MOTION TO COMPEL RESPONSE TO DOCUMENT SUBPOENA**

**KARA L. GORYCKI**, hereby declares, subject to the pains and penalties of perjury to 28 U.S.C. §1746:

1.      I am a Partner at the law firm of Nesenoff & Miltenberg, LLP, attorneys for Plaintiff John Doe ("Plaintiff" or "Doe"). I submit this declaration in support of Plaintiff's motion to compel nonparty Noa Banghart's[1] ("Banghart") response to a document subpoena.

2.      On October 13, 2024, I served a Notice of Subpoena with a copy of the document subpoena in question on counsel for Tulane University. A true and correct copy is annexed hereto as Exhibit 1.[2]

3.      On or about October 18, 2024, I received word from my process server, WritLegal, that an attempt to serve the subpoena on Banghart was unsuccessful. The address at which the

---

[1] Banghart is identified as "N.B." in the Complaint filed in this action (Dkt No. 1). As set forth in the Complaint, Banghart is friends with Jane Doe. Jane Doe was also served with a document subpoena in this action over a year ago and has refused to produce documents in response.

[2] Redactions have been made to any documents attached hereto which identify John Doe, Jane Doe and Sue Roe in accordance with the Court's Order dated April 26, 2023 (Dkt No. 9).

1

process server attempted service, in Colorado, was Ms. Banghart's father's address. Her father told the process server that Banghart was living in New York and provided her cell phone number.

4. I next had my process server run a search for Banghart's residential and work addresses in New York. I also located a Gmail account for Banghart via a Google search.

5. My process server could only locate a work address for Banghart.

6. I did not want to disturb Banghart at her place of employment.

7. On October 28, 2024 I called the cell phone number provided by Banghart's father and spoke with her about the subpoena. I confirmed her email address and explained that I would follow up by email with a copy of the subpoena. I sent a copy of the subpoena to Banghart via email on the same day. A true and correct copy of the email and subpoena that I sent to Banghart is attached hereto as Exhibit 2.

8. To date, no objections to the subpoena have been received and are, accordingly, waived.

9. To date, I have received no response to the subpoena despite numerous good faith attempts to confer with Banghart's counsel.

10. On November 15, 2024, I received an email from Banghart's attorney, Suzy Montero, requesting a three-week extension to provide responsive documents, or until December 13, 2024.

11. On the same day, I granted the extension. A true and correct copy of this correspondence is attached hereto as Exhibit 3.

12. I did not receive a response to the subpoena on or before December 13, 2024.

13. On the evening of December 13, 2024, I emailed Ms. Montero and requested an update on the status of her response to the subpoena.

14.     On the same day, Ms. Montero informed me "we have been gathering responsive documents" and referred to the case being at a "bit of a standstill," apparently referring to the fact that the Scheduling Order had been vacated due to the filing of a motion to consolidate this action with another action.[3]

15.     Ms. Montero requested "at least another two weeks." In light of the holidays, I granted an extension until January 3, 2025. I told her that document discovery was not at a standstill. A true and correct copy of this correspondence is attached hereto as Exhibit 4.

16.     I did not receive a response to the subpoena on or before January 3, 2025.

17.     On January 6, 2025, I emailed Ms. Montero and requested a meet and confer to discuss why she had not yet responded to the subpoena. A true and correct copy of this email is attached hereto as Exhibit 5. I received no response.

18.     On January 15, 2025, I emailed Ms. Montero to follow up on my January 6 email. A true and correct copy of this email is attached hereto as Exhibit 6.

19.     I received no response.

20.     On January 16, 2025, my co-counsel Alex Robertson tried to get in touch with Ms. Montero via her cell phone and office number, to no avail.

21.     Ms. Montero's colleagues, Jenny Roberts and Johnston Burkhardt, were copied on my communications with Ms. Montero.

22.     They did not respond to my communications.

23.     On February 24, 2025, I once again emailed Ms. Montero and requested a Rule 37 conference. Her colleagues were also copied. I provided my availability for the conference and

---

[3] The consolidation motion was filed by the individual identified as Jane Doe in the Complaint filed in this action and sought to consolidate Plaintiff's defamation case against her with the present action. For unknown reasons, Jane Doe withdrew the motion via a motion filed on February 24, 2025. Judge Papillion granted the motion. On March 5, 2025, the parties to this action submitted a joint motion requesting a Scheduling Conference.

3

requested that Ms. Montero propose an alternative if the days/times did not work for her. A true and correct cop of this email is attached hereto as Exhibit 7.

24.      I received no response.

Executed on the 3rd day of March, 2025.

Kara L. Gorycki

4

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

---

JOHN DOE,

       Plaintiff,

    v.                                                        Civil Action No. 23-cv-1348
                                                                        Papillion, J.

THE ADMINISTRATORS OF
THE TULANE EDUCATIONAL                            SECTION: P(4)
FUND d/b/a TULANE UNIVERSITY,

       Defendant.

---

**<u>NOTICE OF INTENT TO SERVE SUBPOENA</u>**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 45(a)(4), Plaintiff John Doe, by and through his undersigned counsel, will serve Noa Banghart with a subpoena for the production of documents, a copy of which is enclosed herewith.

Date: October 13, 2024

By:    <u>/s/ *Kara L. Gorycki*</u>
     Kara L. Gorycki
     Andrew T. Miltenberg
     Nesenoff & Miltenberg, LLP
     363 Seventh Ave. 5th Floor
     New York, New York 10001
     (212) 736-4500
     kgorycki@nmllplaw.com
     amiltenberg@nmllplaw.com

       -and-

By:    <u>/s/ *Alex Robertson*</u>
     Alex Robertson
     MARCELLE ROBERTSON MESTAYER LLC
     650 Poydras Street, Suite 2720

New Orleans, Louisiana 70130
(504)910-6220
alex@mrmlaw.com

**Attorneys for Plaintiff**

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Louisiana

| | | |
|---|---|---|
| John Doe | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   23-cv-1348 |
| Tulane University | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                Noa Banghart

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A

| Place: Campbell Killin Brittan & Ray<br>Attn: Michael Mirabella<br>270 St. Paul St., Suite 200 Denver, CO 80206 | Date and Time:<br><br>11/08/2024 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/13/2024

| *CLERK OF COURT* | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
John Doe                                    , who issues or requests this subpoena, are:
Kara Gorycki, Nesenoff & Miltenberg, LLP, kgorycki@nmllplaw.com, 363 Seventh Ave., 5th Floor NY NY 10001, 212-736-4500

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  23-cv-1348

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.      "You" or "Your" means Noa Banghart.

2.      "Plaintiff" means John Doe, whose real identity is known to You.[1]

3.      "Tulane" means Tulane University and all of its administrators, faculty, staff, employees, officers, directors, partners, corporate parent, subsidiaries or affiliates, agents, consultants and attorneys.

4.      "Document" or "documents" include, but are not limited to, "electronically stored information" as described in Federal Rule of Civil Procedure 34, email and other forms of electronic documents, communications and data compilations, as well as any and all written, taped, recorded or graphic matter however produced or reproduced (together with attachments and annotations thereto or thereon), recordings or other forms of mechanical reproduction, reports, studies, summaries, memoranda, calendar or diary entries, written notes, articles, interviews, agendas, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, films, videotapes, and any other documents in your possession, custody or control, regardless of where located.

5.      "Communication" means the transmittal of information by any means, and shall mean and be deemed to refer to any writing or oral conversation, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, e-mails (with attachments), text messages (with attachments), messaging applications on cell phone or computer (with attachments), voice recordings and voicemail.

---

[1] If you are unable to identify John Doe from the contents of the subpoena, please contact Kara Gorycki at Nesenoff & Miltenberg, LLP, 212-736-4500, or kgorycki@nmllplaw.com, and his identity will be provided.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

 6. "Concerning" means concerning, mentioning, discussing, relating to, describing, reflecting, constituting and/or evidencing.

 7. The words "all," "every," "any," "each," "one or more," and "including," shall include each other whenever possible to expand, not restrict, the scope of the request. The word "including" shall not be used to limit any general category or description that precedes it.

 8. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request.

 9. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural also shall include a reference to the singular.

 10. You shall comply with Federal Rule of Civil Procedure 45(e) by producing the requested documents and communications as they are kept in the usual course or shall label and organize them to correspond with the categories in these requests.

 11. If any document was, but is no longer, in Your possession or control, state whether the document: (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) is otherwise disposed of, and in each instance explain the circumstances of such disposition, and state the approximate date thereof.

 12. If You object or fail to respond to any of the following requests, state specifically the reason for the objection or failure to respond and produce documents responsive to that part of the request to which no objection is made.

 13. If any privilege or immunity is asserted with respect to any document requested herein, expressly state which privilege and provide sufficient information about the nature of the withheld documents and communications in the manner set forth in Federal Rule of Civil Procedure 45(e)(2).

Ex. 1 - p.15

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

14.     If there are no documents or communications that are responsive to these requests, or any portion of these requests, state that fact in writing.

15.     If any responsive documents or communications are being withheld on the basis of an objection, state that fact in writing.

## REQUESTS

1.  Between September 1, 2021 and June 30, 2022, all communications between You and Sue Roe                concerning Jane Doe , including her interactions with Plaintiff, and her student conduct complaint and proceedings against Plaintiff.

2.  Between February 1, 2021 and the present, all communications between You and Sue Roe                concerning Plaintiff, including Ms. Roe                interactions with Plaintiff, and her student conduct complaint and proceedings against Plaintiff.

3.  Between September 1, 2021 and the present, all communications between You and Jane Doe concerning Plaintiff, including Ms. Doe      interactions with Plaintiff, her student conduct complaint and proceedings against Plaintiff, any lawsuits filed by Plaintiff and responding to this subpoena.

4.  All communications between You and Jane Doe  that took place on February 5, 2022.

5.  Between September 1, 2021 and June 30, 2022, all communications between You and Jane Doe concerning Sue Roe                .

6.  Between August 1, 2021 and June 30, 2022, all communications between You and any other Tulane student about Plaintiff, including any students who were interviewed as part of the student conduct proceedings against Plaintiff.

7.  Between February 1, 2022 through the present, all communications between You and any other person concerning the Tulane student conduct proceedings against Plaintiff.

8.  Time stamped, complete copies of the text messages that you provided to Tulane during the University's investigation of the Roe      and Doe  complaints against Plaintiff.

9.  All documents and communications that You provided to Tulane University concerning the April 2022 conduct complaints that Plaintiff filed against You.

3

# Exhibit 2

| | |
|---|---|
| **From:** | Kara Gorycki |
| **To:** | noalin115@gmail.com |
| **Subject:** | LEGAL NOTICE - RESPONSE REQUIRED - Doe v. Tulane University |
| **Date:** | Monday, October 28, 2024 10:34:44 AM |
| **Attachments:** | BanghartSubpoena.10.28.24.pdf |
| | Tulane.BanghartSubpoena.Ex.A.pdf |

Dear Noa,

I represent the plaintiff, John Doe, in a lawsuit against Tulane University. Attached is a subpoena for documents that you may have in your possession, custody or control. As discussed on our call this morning, I am sending the subpoena via email to avoid attempting service at your workplace.

If you have any questions, please feel free to call me at 212-736-4500 or on my cell at 917-596-6090.

Sincerely,
Kara L. Gorycki



**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500  •  212.736.2260 fax

Vcard  •  nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | | |
|---|---|---|
| John Doe | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 23-cv-1348 |
| Tulane University | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Noa Banghart

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A

| Place: Nesenoff & Miltenberg, LLP<br>363 Seventh Ave, 5th Floor, NY NY 10001 | Date and Time:<br>11/22/2024 12:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/28/2024

| CLERK OF COURT | | |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | OR | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiff John Doe , who issues or requests this subpoena, are:
Kara Gorycki, Nesenoff & Miltenberg, LLP, kgorycki@nmllplaw.com, 363 Seventh Ave., 5th Floor, NY NY 10001, 212-736-4500

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-1348

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.      "You" or "Your" means Noa Banghart.

2.      "Plaintiff" means John Doe, whose real identity is known to You.[1]

3.       "Tulane" means Tulane University and all of its administrators, faculty, staff, employees, officers, directors, partners, corporate parent, subsidiaries or affiliates, agents, consultants and attorneys.

4.      "Document" or "documents" include, but are not limited to, "electronically stored information" as described in Federal Rule of Civil Procedure 34, email and other forms of electronic documents, communications and data compilations, as well as any and all written, taped, recorded or graphic matter however produced or reproduced (together with attachments and annotations thereto or thereon), recordings or other forms of mechanical reproduction, reports, studies, summaries, memoranda, calendar or diary entries, written notes, articles, interviews, agendas, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, films, videotapes, and any other documents in your possession, custody or control, regardless of where located.

5.      "Communication" means the transmittal of information by any means, and shall mean and be deemed to refer to any writing or oral conversation, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, e-mails (with attachments), text messages (with attachments), messaging applications on cell phone or computer (with attachments), voice recordings and voicemail.

---

[1] If you are unable to identify John Doe from the contents of the subpoena, please contact Kara Gorycki at Nesenoff & Miltenberg, LLP, 212-736-4500, or kgorycki@nmllplaw.com, and his identity will be provided.

1

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

6.      "Concerning" means concerning, mentioning, discussing, relating to, describing, reflecting, constituting and/or evidencing.

7.      The words "all," "every," "any," "each," "one or more," and "including," shall include each other whenever possible to expand, not restrict, the scope of the request. The word "including" shall not be used to limit any general category or description that precedes it.

8.      The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request.

9.      Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural also shall include a reference to the singular.

10.     You shall comply with Federal Rule of Civil Procedure 45(e) by producing the requested documents and communications as they are kept in the usual course or shall label and organize them to correspond with the categories in these requests.

11.     If any document was, but is no longer, in Your possession or control, state whether the document: (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) is otherwise disposed of, and in each instance explain the circumstances of such disposition, and state the approximate date thereof.

12.     If You object or fail to respond to any of the following requests, state specifically the reason for the objection or failure to respond and produce documents responsive to that part of the request to which no objection is made.

13.     If any privilege or immunity is asserted with respect to any document requested herein, expressly state which privilege and provide sufficient information about the nature of the withheld documents and communications in the manner set forth in Federal Rule of Civil Procedure 45(e)(2).

Ex. 1 - p.23

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

14.     If there are no documents or communications that are responsive to these requests, or any portion of these requests, state that fact in writing.

15.     If any responsive documents or communications are being withheld on the basis of an objection, state that fact in writing.

## REQUESTS

1.  Between September 1, 2021 and June 30, 2022, all communications between You and Sue Roe         concerning Jane Doe , including her interactions with Plaintiff, and her student conduct complaint and proceedings against Plaintiff.

2.  Between February 1, 2021 and the present, all communications between You and Sue Roe       concerning Plaintiff, including Ms. Roe       interactions with Plaintiff, and her student conduct complaint and proceedings against Plaintiff.

3.  Between September 1, 2021 and the present, all communications between You and Jane Doe concerning Plaintiff, including Ms. Doe    interactions with Plaintiff, her student conduct complaint and proceedings against Plaintiff, any lawsuits filed by Plaintiff and responding to this subpoena.

4.  All communications between You and Jane Doe  that took place on February 5, 2022.

5.  Between September 1, 2021 and June 30, 2022, all communications between You and Jane Doe  concerning Sue Roe         .

6.  Between August 1, 2021 and June 30, 2022, all communications between You and any other Tulane student about Plaintiff, including any students who were interviewed as part of the student conduct proceedings against Plaintiff.

7.  Between February 1, 2022 through the present, all communications between You and any other person concerning the Tulane student conduct proceedings against Plaintiff.

8.  Time stamped, complete copies of the text messages that you provided to Tulane during the University's investigation of the Roe      and Doe  complaints against Plaintiff.

9.  All documents and communications that You provided to Tulane University concerning the April 2022 conduct complaints that Plaintiff filed against You.

3

# Exhibit 3

| | |
|---|---|
| **From:** | Kara Gorycki |
| **To:** | Suzy Montero |
| **Cc:** | Jenny Roberts; Johnston Burkhardt; Alex Robertson |
| **Subject:** | RE: Doe v. Tulane - Subpoena served on Noa Banghart |
| **Date:** | Friday, November 15, 2024 2:42:35 PM |
| **Attachments:** | image001.png |

Suzy,

Thank you for reaching out. I am sorry to hear about the family funeral. I hereby consent to the requested extension. I assume by way of this message that you have accepted service of the subpoena on behalf of Ms. Banghart? We did not want to personally serve her at her workplace in New York City. Please advise.

I have also copied my New Orleans counsel, Alex Robertson, on this email.

Kara



## NESENOFF & MILTENBERG LLP
### New York | Boston | Palo Alto

**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500    •    212.736.2260 fax

Vcard    •    nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, November 15, 2024 2:38 PM
**To:** Kara Gorycki <KGorycki@nmllplaw.com>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>
**Subject:** Doe v. Tulane - Subpoena served on Noa Banghart

Kara,

Our firm has been retained to represent Noa Banghart to assist in the response to the subpoena served on her by your office.

I am requesting a 3-week extension (until December 13, 2024) to provide responsive documents. Between a trial next week, a family funeral and Thanksgiving holiday, we

would not likely be able to meet the November 22, 2024, deadline.  Please let me know if you are agreeable to this extension.

Suzy Montero


**M. Suzanne Montero**

Partner




Sternberg, Naccari & White, LLC

935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112

Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961

suzy@snw.law | www.snw.law


**Please Note our Suite Number has Changed!**

CONFIDENTIALITY NOTICE: This message, including attachments, may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

# Exhibit 4

| | |
|---|---|
| **From:** | Suzy Montero |
| **To:** | Kara Gorycki |
| **Cc:** | Jenny Roberts; Johnston Burkhardt; Alex Robertson |
| **Subject:** | Re: Doe v. Tulane - Subpoena served on Noa Banghart |
| **Date:** | Friday, December 13, 2024 5:33:29 PM |
| **Attachments:** | image001.png |
| | Outlook-mc2xnl2s.png |
| | Outlook-j4do5yve.png |

That should work.

MSM

**M. Suzanne Montero**
Partner



Sternberg, Naccari & White, LLC
935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112
Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961
suzy@snw.law | www.snw.law

## Please Note our Suite Number has Changed!

CONFIDENTIALITY NOTICE: This message, including attachments, may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

---

**From:** Kara Gorycki <KGorycki@nmllplaw.com>
**Sent:** Friday, December 13, 2024 4:11 PM
**To:** Suzy Montero <suzy@snw.law>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** Re: Doe v. Tulane - Subpoena served on Noa Banghart

Hi Suzy,
It's not at a standstill in terms of document discovery. At the same time,  I appreciate your need for an extension of time.

With the holidays upon us, how is January 3rd?

Thanks,
Kara



**NESENOFF & MILTENBERG** LLP
New York | Boston | Palo Alto

**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, December 13, 2024 5:03:54 PM
**To:** Kara Gorycki <KGorycki@nmllplaw.com>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** Re: Doe v. Tulane - Subpoena served on Noa Banghart

Kara,

We have been gathering the responsive documents.  I will need at least an additional 2 weeks.  I understand that this case is at a bit of a standstill so I trust that this will not be a problem. Please let me know if you are agreeable to an additional extension.

Suzy Montero

**M. Suzanne Montero**
Partner



Sternberg, Naccari & White, LLC

935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112
Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961
suzy@snw.law | www.snw.law

## Please Note our Suite Number has Changed!

CONFIDENTIALITY NOTICE: This message, including attachments, may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

---

**From:** Kara Gorycki <KGorycki@nmllplaw.com>
**Sent:** Friday, December 13, 2024 3:42 PM
**To:** Suzy Montero <suzy@snw.law>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** RE: Doe v. Tulane - Subpoena served on Noa Banghart

Dear Suzy,

I hope all is well. I am writing in regard to the subpoena served on Noa Banghart as I know you planned to respond today. Do you have any updates?
I have copied my local counsel, Alex Robertson, on this email to keep him in the loop.

Thanks,
Kara



**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any

attachments without copying or disclosing the contents.

---

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, November 15, 2024 2:38 PM
**To:** Kara Gorycki <KGorycki@nmllplaw.com>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>
**Subject:** Doe v. Tulane - Subpoena served on Noa Banghart

Kara,

Our firm has been retained to represent Noa Banghart to assist in the response to the subpoena served on her by your office.

I am requesting a 3-week extension (until December 13, 2024) to provide responsive documents. Between a trial next week, a family funeral and Thanksgiving holiday, we would not likely be able to meet the November 22, 2024, deadline.  Please let me know if you are agreeable to this extension.

Suzy Montero


**M. Suzanne Montero**
Partner



Sternberg, Naccari & White, LLC
935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112
Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961
suzy@snw.law | www.snw.law

## Please Note our Suite Number has Changed!

CONFIDENTIALITY NOTICE: This message, including attachments, may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

Case 2:23-cv-01348-DJP-EJD   Document 37-6   Filed 02/05/25   Page 1 of 7

# Exhibit 5

| From: | Kara Gorycki |
|---|---|
| To: | Suzy Montero |
| Cc: | Jenny Roberts; Johnston Burkhardt; Alex Robertson |
| Subject: | RE: Doe v. Tulane - Subpoena served on Noa Banghart |
| Date: | Monday, January 6, 2025 8:03:03 AM |
| Attachments: | image001.png |

Suzy,

I hope all is well.

We have not yet received a response to the Banghart subpoena. Please let me know when you are available for a meet and confer to discuss this matter. I am available tomorrow (Tuesday) between 10:30 a.m.-3:00 p.m. Eastern and Wednesday, between 10:00 a.m.-12:00 p.m., 2:30-4:30 p.m. Eastern.

Thanks,
Kara



# NESENOFF & MILTENBERG LLP
New York | Boston | Palo Alto

**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500    •    212.736.2260 fax

Vcard    •    nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, December 13, 2024 5:33 PM
**To:** Kara Gorycki <KGorycki@nmllplaw.com>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** Re: Doe v. Tulane - Subpoena served on Noa Banghart

That should work.

MSM

**M. Suzanne Montero**

Partner



Sternberg, Naccari & White, LLC

935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112

Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961

suzy@snw.law | www.snw.law

## Please Note our Suite Number has Changed!

CONFIDENTIALITY NOTICE: This message, including attachments, may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

---

**From:** Kara Gorycki <KGorycki@nmllplaw.com>
**Sent:** Friday, December 13, 2024 4:11 PM
**To:** Suzy Montero <suzy@snw.law>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** Re: Doe v. Tulane - Subpoena served on Noa Banghart

Hi Suzy,
It's not at a standstill in terms of document discovery. At the same time, I appreciate your need for an extension of time.

With the holidays upon us, how is January 3rd?

Thanks,
Kara



**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500  •  212.736.2260 fax

Vcard  •  nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, December 13, 2024 5:03:54 PM
**To:** Kara Gorycki <KGorycki@nmllplaw.com>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** Re: Doe v. Tulane - Subpoena served on Noa Banghart

Kara,

We have been gathering the responsive documents.  I will need at least an additional 2 weeks.  I understand that this case is at a bit of a standstill so I trust that this will not be a problem. Please let me know if you are agreeable to an additional extension.

Suzy Montero

**M. Suzanne Montero**

Partner



Sternberg, Naccari & White, LLC

935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112

Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961

suzy@snw.law | www.snw.law

## Please Note our Suite Number has Changed!

CONFIDENTIALITY NOTICE: This message, including attachments, may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

---

**From:** Kara Gorycki <KGorycki@nmllplaw.com>
**Sent:** Friday, December 13, 2024 3:42 PM
**To:** Suzy Montero <suzy@snw.law>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** RE: Doe v. Tulane - Subpoena served on Noa Banghart

Dear Suzy,

I hope all is well. I am writing in regard to the subpoena served on Noa Banghart as I know you planned to respond today. Do you have any updates?
I have copied my local counsel, Alex Robertson, on this email to keep him in the loop.

Thanks,
Kara



# NESENOFF & MILTENBERG LLP

### New York | Boston | Palo Alto

**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, November 15, 2024 2:38 PM
**To:** Kara Gorycki <KGorycki@nmllplaw.com>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>
**Subject:** Doe v. Tulane - Subpoena served on Noa Banghart

Kara,

Our firm has been retained to represent Noa Banghart to assist in the response to the subpoena served on her by your office.

I am requesting a 3-week extension (until December 13, 2024) to provide responsive documents. Between a trial next week, a family funeral and Thanksgiving holiday, we would not likely be able to meet the November 22, 2024, deadline.  Please let me know if you are agreeable to this extension.

Suzy Montero


**M. Suzanne Montero**

Partner




Sternberg, Naccari & White, LLC

935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112

Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961

suzy@snw.law | www.snw.law

## Please Note our Suite Number has Changed!

CONFIDENTIALITY NOTICE: This message, including attachments, may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

# Exhibit 6

| | |
|---|---|
| **From:** | Kara Gorycki |
| **To:** | Suzy Montero |
| **Cc:** | Jenny Roberts; Johnston Burkhardt; Alex Robertson |
| **Subject:** | FW: Doe v. Tulane - Subpoena served on Noa Banghart |
| **Date:** | Wednesday, January 15, 2025 5:50:59 PM |
| **Attachments:** | image001.png |

Suzy,
Please advise as to the status of the subpoena response. I did not receive a response to my email, below.

Kara



**NESENOFF & MILTENBERG** LLP
New York | Boston | Palo Alto

**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Kara Gorycki <KGorycki@nmllplaw.com>
**Sent:** Monday, January 6, 2025 8:03 AM
**To:** Suzy Montero <suzy@snw.law>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** RE: Doe v. Tulane - Subpoena served on Noa Banghart

Suzy,
I hope all is well.
We have not yet received a response to the Banghart subpoena. Please let me know when you are available for a meet and confer to discuss this matter. I am available tomorrow (Tuesday) between 10:30 a.m.-3:00 p.m. Eastern and Wednesday, between 10:00 a.m.-12:00 p.m., 2:30-4:30 p.m. Eastern.

Thanks,
Kara



**NESENOFF & MILTENBERG** LLP
New York | Boston | Palo Alto

**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, December 13, 2024 5:33 PM
**To:** Kara Gorycki <KGorycki@nmllplaw.com>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** Re: Doe v. Tulane - Subpoena served on Noa Banghart

That should work.

MSM

**M. Suzanne Montero**

Partner



Sternberg, Naccari & White, LLC

935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112

Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961

[suzy@snw.law](mailto:suzy@snw.law) | [www.snw.law](http://www.snw.law)

**Please Note our Suite Number has Changed!**

CONFIDENTIALITY NOTICE: This message, including attachments, may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

---

**From:** Kara Gorycki <[KGorycki@nmllplaw.com](mailto:KGorycki@nmllplaw.com)>
**Sent:** Friday, December 13, 2024 4:11 PM
**To:** Suzy Montero <[suzy@snw.law](mailto:suzy@snw.law)>
**Cc:** Jenny Roberts <[jenny@snw.law](mailto:jenny@snw.law)>; Johnston Burkhardt <[johnston@snw.law](mailto:johnston@snw.law)>; Alex Robertson <[alex@mrmlaw.com](mailto:alex@mrmlaw.com)>
**Subject:** Re: Doe v. Tulane - Subpoena served on Noa Banghart

Hi Suzy,
It's not at a standstill in terms of document discovery. At the same time, I appreciate your need for an extension of time.

With the holidays upon us, how is January 3rd?

Thanks,
Kara



**NESENOFF & MILTENBERG** LLP
New York | Boston | Palo Alto

**Kara Gorycki, Partner**
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
212.736.4500   •   212.736.2260 fax

Vcard • nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

_____

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, December 13, 2024 5:03:54 PM
**To:** Kara Gorycki <KGorycki@nmllplaw.com>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** Re: Doe v. Tulane - Subpoena served on Noa Banghart

Kara,

We have been gathering the responsive documents. I will need at least an additional 2 weeks. I understand that this case is at a bit of a standstill so I trust that this will not be a problem. Please let me know if you are agreeable to an additional extension.

Suzy Montero


**M. Suzanne Montero**

Partner




Sternberg, Naccari & White, LLC

935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112

Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961

suzy@snw.law | www.snw.law


**Please Note our Suite Number has Changed!**

CONFIDENTIALITY NOTICE: This message, including attachments, may contain

information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

---

**From:** Kara Gorycki <KGorycki@nmllplaw.com>
**Sent:** Friday, December 13, 2024 3:42 PM
**To:** Suzy Montero <suzy@snw.law>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** RE: Doe v. Tulane - Subpoena served on Noa Banghart

Dear Suzy,

I hope all is well. I am writing in regard to the subpoena served on Noa Banghart as I know you planned to respond today. Do you have any updates?
I have copied my local counsel, Alex Robertson, on this email to keep him in the loop.

Thanks,
Kara



**Kara Gorycki, Partner**
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
212.736.4500   •   212.736.2260 fax
Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, November 15, 2024 2:38 PM

**To:** Kara Gorycki <KGorycki@nmllplaw.com>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>
**Subject:** Doe v. Tulane - Subpoena served on Noa Banghart

Kara,

Our firm has been retained to represent Noa Banghart to assist in the response to the subpoena served on her by your office.

I am requesting a 3-week extension (until December 13, 2024) to provide responsive documents. Between a trial next week, a family funeral and Thanksgiving holiday, we would not likely be able to meet the November 22, 2024, deadline.  Please let me know if you are agreeable to this extension.

Suzy Montero


**M. Suzanne Montero**

Partner




Sternberg, Naccari & White, LLC

935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112

Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961

suzy@snw.law | www.snw.law


**Please Note our Suite Number has Changed!**

CONFIDENTIALITY NOTICE: This message, including attachments, may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

# Exhibit 7

| | |
|---|---|
| **From:** | Kara Gorycki |
| **To:** | Suzy Montero |
| **Cc:** | Alex Robertson; Johnston Burkhardt; Jenny Roberts |
| **Subject:** | FW: Doe v. Tulane - Subpoena served on Noa Banghart |
| **Date:** | Monday, February 24, 2025 4:03:39 PM |
| **Attachments:** | image001.png |

Suzy,
I hope all is well. I have not heard from you for several months in regard to setting a time to discuss your response to the Banghart subpoena. My co-counsel Alex has not been able to reach you by phone. I am available for a Rule 37 conference on Thursday between 10:30 a.m.-12:00 p.m. Eastern, and 3:00 p.m.-5:00 p.m. Eastern. I am also available on Friday between 10:00 a.m. Eastern-12:00 p.m. Eastern, 1:00 p.m.-2:00 p.m. Eastern. If these times do not work for you, please propose an alternative.

Kara



**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Kara Gorycki <KGorycki@nmllplaw.com>
**Sent:** Wednesday, January 15, 2025 5:51 PM
**To:** Suzy Montero <suzy@snw.law>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** FW: Doe v. Tulane - Subpoena served on Noa Banghart

Suzy,
Please advise as to the status of the subpoena response. I did not receive a response to my email, below.

Kara



**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have
received it in error, please advise the sender by reply email and immediately delete the message and any
attachments without copying or disclosing the contents.

---

**From:** Kara Gorycki <KGorycki@nmllplaw.com>
**Sent:** Monday, January 6, 2025 8:03 AM
**To:** Suzy Montero <suzy@snw.law>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson
<alex@mrmlaw.com>
**Subject:** RE: Doe v. Tulane - Subpoena served on Noa Banghart

Suzy,
I hope all is well.
We have not yet received a response to the Banghart subpoena. Please let me know when you
are available for a meet and confer to discuss this matter. I am available tomorrow (Tuesday)
between 10:30 a.m.-3:00 p.m. Eastern and Wednesday, between 10:00 a.m.-12:00 p.m., 2:30-
4:30 p.m. Eastern.

Thanks,
Kara



**Kara Gorycki, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have
received it in error, please advise the sender by reply email and immediately delete the message and any
attachments without copying or disclosing the contents.

---

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, December 13, 2024 5:33 PM
**To:** Kara Gorycki <KGorycki@nmllplaw.com>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson
<alex@mrmlaw.com>
**Subject:** Re: Doe v. Tulane - Subpoena served on Noa Banghart

That should work.

MSM


**M. Suzanne Montero**

Partner




Sternberg, Naccari & White, LLC

935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112

Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504)
534-8961

suzy@snw.law | www.snw.law


**Please Note our Suite Number has Changed!**

CONFIDENTIALITY NOTICE: This message, including attachments, may contain
information that is privileged, confidential, and protected by the attorney-client
privilege or attorney work product privileges. If you are not the intended recipient of
this email, you are hereby notified that any dissemination, distribution, copying of
this email, and any attachments thereto, are prohibited, and may be a violation of the

law. If you have received this email in error, please delete it permanently and notify me immediately.

---

**From:** Kara Gorycki <KGorycki@nmllplaw.com>
**Sent:** Friday, December 13, 2024 4:11 PM
**To:** Suzy Montero <suzy@snw.law>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** Re: Doe v. Tulane - Subpoena served on Noa Banghart

Hi Suzy,
It's not at a standstill in terms of document discovery. At the same time, I appreciate your need for an extension of time.

With the holidays upon us, how is January 3rd?

Thanks,
Kara



**Kara Gorycki, Partner**
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
212.736.4500   •   212.736.2260 fax
Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, December 13, 2024 5:03:54 PM
**To:** Kara Gorycki <KGorycki@nmllplaw.com>

**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>

**Subject:** Re: Doe v. Tulane - Subpoena served on Noa Banghart

Kara,

We have been gathering the responsive documents. I will need at least an additional 2 weeks. I understand that this case is at a bit of a standstill so I trust that this will not be a problem. Please let me know if you are agreeable to an additional extension.

Suzy Montero

**M. Suzanne Montero**

Partner



Sternberg, Naccari & White, LLC

935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112

Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961

suzy@snw.law | www.snw.law

**Please Note our Suite Number has Changed!**

CONFIDENTIALITY NOTICE: This message, including attachments, may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

---

**From:** Kara Gorycki <KGorycki@nmllplaw.com>
**Sent:** Friday, December 13, 2024 3:42 PM

**To:** Suzy Montero <suzy@snw.law>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>; Alex Robertson <alex@mrmlaw.com>
**Subject:** RE: Doe v. Tulane - Subpoena served on Noa Banghart

Dear Suzy,

I hope all is well. I am writing in regard to the subpoena served on Noa Banghart as I know you planned to respond today. Do you have any updates?
I have copied my local counsel, Alex Robertson, on this email to keep him in the loop.

Thanks,
Kara



**Kara Gorycki, Partner**
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
212.736.4500   •   212.736.2260 fax
Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**From:** Suzy Montero <suzy@snw.law>
**Sent:** Friday, November 15, 2024 2:38 PM
**To:** Kara Gorycki <KGorycki@nmllplaw.com>
**Cc:** Jenny Roberts <jenny@snw.law>; Johnston Burkhardt <johnston@snw.law>
**Subject:** Doe v. Tulane - Subpoena served on Noa Banghart

Kara,

Our firm has been retained to represent Noa Banghart to assist in the response to the subpoena served on her by your office.

I am requesting a 3-week extension (until December 13, 2024) to provide responsive documents. Between a trial next week, a family funeral and Thanksgiving holiday, we

would not likely be able to meet the November 22, 2024, deadline.  Please let me know if you are agreeable to this extension.

Suzy Montero


**M. Suzanne Montero**

Partner




Sternberg, Naccari & White, LLC

935 Gravier Street, **Suite 1800** | New Orleans, Louisiana 70112

Main: (504) 324-2141 | Direct: (504) 308-1395 | Cell: (504) 352-3103 | Fax: (504) 534-8961

suzy@snw.law | www.snw.law


**Please Note our Suite Number has Changed!**

CONFIDENTIALITY NOTICE: This message, including attachments, may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privileges. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, copying of this email, and any attachments thereto, are prohibited, and may be a violation of the law. If you have received this email in error, please delete it permanently and notify me immediately.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| JOHN DOE,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE ADMINISTRATORS OF THE<br>TULANE EDUCATIONAL FUND d/b/a<br>TULANE UNIVERSITY,<br><br>    *Defendant.* | Civil Action No. 2:23-cv-01348<br><br>Section: P(3)<br><br>Judge Darrel James Papillon<br><br>Mag. Judge Eva J. Dossier |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL NONPARTY NOA BANGHART'S PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA

### INTRODUCTION

Plaintiff John Doe ("Plaintiff") respectfully submits this memorandum of law in support of his motion to compel the production of documents in response to a subpoena served on nonparty Noa Banghart ("Banghart") on October 28, 2024 (the "Subpoena"). As set forth in the Declaration of Kara L. Gorycki, dated March 3, 2025,[1] numerous efforts were made to meet and confer with Banghart's counsel prior to bringing this motion, to no avail. Banghart posed no objections to the narrowly-tailored Subpoena and has, accordingly, waived any objection she may attempt to raise in response to this motion. Plaintiff's document requests seek information that falls clearly within the parameters of Rule 26 of the Federal Rules of Civil Procedure. Accordingly, Banghart should be required to comply within the Subpoena and to produce any responsive documents within fourteen (14) days of any order granting Plaintiff's motion.

---

[1] This declaration will be cited herein as "Gorycki Decl."

1

## RELEVANT BACKGROUND

This action was filed on April 24, 2023. Dkt. No. 1. Defendant Tulane University ("Tulane" of the "University") filed its answer on July 14, 2023. Dkt. No. 13. On August 1, 2023, the Court issued a Scheduling Order. The Scheduling Order was vacated on June 6, 2024 due to nonparty Jane Doe filing a motion to consolidate this action with an action that Plaintiff filed against Jane Doe. Dkt. No. 32. Jane Doe subsequently filed a motion to withdraw her consolidation motion, which the Court granted on February 25, 2025. On March 3, 2025, the parties to this action filed a joint motion requesting a scheduling conference so that, among other things, they could complete document discovery and depositions in this action.

The Subpoena was served on Banghart on October 28, 2024. Gorycki Decl. ¶ 7, Ex. 2. Her attorney accepted service and requested two extensions of time for responding to the Subpoena, or until January 3, 2025. Gorycki Decl. ¶¶ 10-15. Banghart's attorney represented that she was gathering responsive documents and posed no objections to the Subpoena. *See generally* Gorycki Decl. To date, Banghart has not responded to the Subpoena, nor has her attorney responded to emails sent by Plaintiff's counsel requesting a meet and confer. *Id.*

This action concerns a flawed and biased disciplinary proceeding initiated by Tulane against Plaintiff which resulted in his expulsion from the University. *See generally* Complaint, Dkt. No. 1.[2] Tulane students Jane Doe and Sue Roe conspired with each other—and Banghart— to file false sexual misconduct reports against Plaintiff, which led to the initiation of the disciplinary proceeding. Compl. ¶¶ 244-249, 303, 308.

Banghart was Sue Roe's roommate and friends with Jane Doe. Compl.¶ 303(a). Banghart connected Jane Doe and Sue Roe. Compl. ¶ 363. Banghart was a witness in the disciplinary

---

[2] All facts asserted here in are alleged in the Complaint.

proceeding that is the subject of this action. Compl. ¶ 311. Sue Roe and Banghart communicated with each other about Plaintiff and Sue Roe's false allegations against him. Compl. ¶ 365. Prior to Jane Doe attending a key event with Plaintiff (and prior to Jane Doe's false allegations against Plaintiff), Banghart communicated with Jane Doe about Sue Roe's interactions with him. Banghart also has information concerning when Jane Doe and Sue Roe first got to know each other—an issue that was in dispute during the disciplinary proceeding against Plaintiff. Compl. ¶¶ 361-371. Plaintiff alleges that Tulane's decision to overlook evidence that Jane Doe and Sue Roe misrepresented when they first got to know each other, or to further investigate this issue, is evidence of bias in the disciplinary process. Compl. ¶¶ 424.

Prior to her interview in the disciplinary proceeding against Plaintiff, Jane Doe deleted text messages. Compl. ¶ 376. Jane Doe communicated with Banghart about the nature of Jane's interactions with Plaintiff, including when she first had sex with Plaintiff and that the interactions were consensual. Compl. ¶ 355(c), 379. Per Banghart's account, Jane Doe's statements to Banghart contradicted her accusations against Plaintiff. Compl. ¶¶ 355(c), 379.

Jane Doe sent confidential documents to Banghart during the pendency of the disciplinary proceeding—including a copy of Jane Doe's sexual misconduct complaint against Plaintiff—and coached Banghart about what to say in regard to the Jane Doe and Sue Roe complaints. Compl. ¶¶ 319, 324. Tulane's investigator acknowledged that at least one witness had been coached, yet ignored this when finding against Plaintiff in the disciplinary proceeding. Compl. ¶¶ 410, 516(g). Plaintiff alleged that the investigator's decision to ignore that witnesses were coached is evidence of gender bias in his disciplinary proceeding. Compl. ¶ 516(g).

While Banghart produced some text messages with Jane Doe during the disciplinary process, they were incomplete and lacked time stamps. Compl. ¶¶ 368-371. The timing of the

communications was relevant to Plaintiff's allegation that Jane Doe and Sue Roe conspired to bring false misconduct complaints against him. Compl. ¶¶ 361-371. Jane Doe refused to address the timing of the text messages during the disciplinary proceeding, and failed to produce her own messages. Tulane did not question it. Compl. ¶¶ 367-371, 414, 517(b).

During the course of the disciplinary proceeding against him, Plaintiff filed a complaint against Banghart for violating the Code of Student Conduct by furnishing false information to Tulane and colluding with Jane Doe and Sue Roe to bring false sexual misconduct complaints against Plaintiff. Compl. ¶¶ 457-460. Jane Doe and Sue Roe were also parties to the complaint. Tulane failed to take the required actions under its policies to investigate this complaint. Compl. ¶¶ 457-486. Tulane made several misrepresentations to Plaintiff about the status of his complaint and provided a copy to the investigator for use in his disciplinary proceeding. *Id.* Plaintiff has alleged that the mishandling of his complaint against Banghart, Jane Doe and Sue Roe is evidence of gender bias. Compl. ¶ 518.

## ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure governs document subpoenas served on nonparties. FRCP 45. *Bauer v. Metropolitan Prop. & Casualty Ins. Co.*, 2019 WL 13213226, at * 1 (E.D. La. Nov. 27, 2019). A subpoena recipient commanded to produce documents must serve a written objection on the party or attorney designated in the subpoena before the earlier of the compliance deadline or 14 days after the subpoena is served. FRCP 45(d)(2)(B). A failure to do, or to file a timely motion to quash results in a waiver of all grounds for objections, including privilege. *Bauer*, 2019 WL 13213226, at * 1.

Banghart has waived all objections to the Subpoena. The original response date for the Subpoena was November 22, 2024. Gorycki Decl., Ex. 2. On November 15, 2024, Banghart's

counsel reached out to Plaintiff's counsel, raised no objections to the Subpoena and informed Plaintiff's counsel that she would provide responsive documents. Gorycki Decl., Ex. 3. Even so, Plaintiff afforded Banghart two extensions of time in which to respond to the Subpoena, until January 3, 2025. Gorycki Decl. ¶¶ 10-14. No objections were served, no motion to quash was filed and no responsive documents were received on or before January 3. Nor has anything been received as of the date this motion was filed. In fact, Banghart's counsel has not responded to any communications from Plaintiff's counsel since December 13, 2024.

The documents requested in the narrowly tailored Subpoena are relevant. Subpoenas duces tecum are discovery devices that are subject to the parameters established by Rule 26 of the Federal Rules of Civil Procedure. *Bauer*, 2019 WL 13213226, at *2. Pursuant to Rule 26(b)(1), information is relevant if it "'bears on, or … reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'" *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). The information requested from Banghart meets the Rule 26 standard:

**Request 1:**
*Between September 1, 2021 and June 30, 2022, all communications between You and [Sue Roe] concerning [Jane Doe], including her interactions with Plaintiff, and her student conduct complaint and proceedings against Plaintiff.*

This request seeks information relevant to a key issue in the case—what Banghart discussed with Sue Roe about Jane Doe, when Jane Doe and Sue Roe connected, the inception of the student conduct proceeding against Plaintiff and what was being communicated during the disciplinary proceeding against Plaintiff. The request is not unduly burdensome because it covers a very narrow timeframe and is limited to communications with one person.

**Request 2:**

> *Between February 1, 2021 and the present, all communications between You and [Sue Roe] concerning Plaintiff, including [Sue Roe's] interactions with Plaintiff, and her student conduct complaint and proceedings against Plaintiff.*

These communications are relevant to the very subject matter of the disciplinary process against Plaintiff, the inception of the student conduct proceeding against Plaintiff and what was being communicated during, and after, the disciplinary proceeding against Plaintiff. Communications about Plaintiff—before and after Sue Roe lodged the false allegations against him—are also relevant to Plaintiff's allegations that Banghart, Sue Roe and Jane Doe colluded to bring an unwarranted disciplinary proceeding against him grounded in false allegations. This request in not unduly burdensome because it seeks communications with Banghart and one person.

**Request 3**:
> *Between September 1, 2021 and the present, all communications between You and [Jane Doe] concerning Plaintiff, including [Jane Doe's] interactions with Plaintiff, her student conduct complaint and proceedings against Plaintiff, any lawsuits filed by Plaintiff and responding to this subpoena.*

These communications are relevant to the very subject matter of the disciplinary process against Plaintiff, the inception of the student conduct proceeding against Plaintiff and what was being communicated during, and after, the disciplinary proceeding against Plaintiff. Communications about Plaintiff—before and after Jane Doe lodged the false allegations against him—are also relevant to Plaintiff's allegations that Banghart, Sue Roe and Jane Doe colluded to bring an unwarranted disciplinary proceeding against him grounded in false allegations. Communications with Jane Doe about any lawsuits filed by Plaintiff and this subpoena are relevant in that Jane Doe has refused to comply with a subpoena served on her for the production of documents relevant in this action and it is Plaintiff's belief that Jane Doe and/or her counsel have instructed Banghart and/or her counsel to refuse to comply with the Subpoena. This request is not unduly burdensome because it seeks communications between Banghart and one person.

6

**Request 4:**
*All communications between You and [Jane Doe] that took place on February 5, 2022.*

Jane Doe told Tulane that she first learned who Sue Roe was on February 5, 2022 when communicating with Banghart. Compl. ¶ 363. This is the day before Jane Doe filed a sexual misconduct report against Plaintiff. Compl. ¶¶ 244-245. This request, which covers a single day of communications with one person, is not unduly burdensome.

**Request 5:**
*Between September 1, 2021 and June 30, 2022, all communications between You and [Jane Doe] concerning [Sue Roe].*

This request seeks information relevant to a key issue in the case—what Banghart discussed with Jane Doe about Sue Roe, when Jane Doe first learned about Sue Roe, when Jane Doe and Sue Roe connected, the inception of the student conduct proceeding against Plaintiff and what was being communicated during the disciplinary proceeding against Plaintiff. The request is not unduly burdensome because it covers a very narrow timeframe and is limited to communications with one person.

**Request 6:**
*Between August 1, 2021 and June 30, 2022, all communications between You and any other Tulane student about Plaintiff, including any students who were interviewed as part of the student conduct proceedings against Plaintiff.*

This request is relevant to Plaintiff's allegations of collusion, witness coaching and the sharing of information between and among Sue Roe, Jane Doe, Banghart and other witnesses in the disciplinary proceeding against Plaintiff. Banghart also made certain statements that contradicted Jane Doe's account of what happened with Plaintiff and her communications about what happened are relevant to this issue. This request is not unduly burdensome because it covers a narrow time period and limited subject matter.

**Request 7:**

Ex. 1 - p.62

*Between February 1, 2022 through the present, all communications between You and any other person concerning the Tulane student conduct proceedings against Plaintiff.*

This request is relevant to Plaintiff's allegations of collusion, witness coaching and the sharing of information between and among Sue Roe, Jane Doe, Banghart and other witnesses in the disciplinary proceeding against Plaintiff. Banghart also made certain statements that contradicted Jane Doe's account of what happened with Plaintiff and her communications about what happened are relevant to this issue. This request is not unduly burdensome because it concerns very limited subject matter.

**Request 8:**
*Time stamped, complete copies of the text messages that you provided to Tulane during the University's investigation of the [Sue Roe] and [Jane Doe] complaints against Plaintiff.*

As set forth above, Banghart provided incomplete, undated text messages to the Tulane investigator. The timing of the communications was relevant to Plaintiff's allegation that Jane Doe and Sue Roe conspired to bring false misconduct complaints against him. This request is not unduly burdensome because it is limited in scope.

**Request 9:**
*All documents and communications that You provided to Tulane University concerning the April 2022 conduct complaints that Plaintiff filed against You.*

This request is relevant to what evidence Banghart may have provided to Tulane in regard to Plaintiff's allegations that Banghart, Roe and Doe colluded with each other during the disciplinary proceeding against Plaintiff. To the extent that information was provided it is relevant to any action or inaction on Tulane's part and potential gender bias. This request is not unduly burdensome because it is limited in timeframe and scope.

The narrowly-tailored Subpoena complies with Federal Rules 26 and 45, and Banghart was required to respond by producing relevant and responsive information. An order compelling her to

8

produce said documents is warranted. Given that considerable time has passed since the Subpoena

was served, and Banghart's counsel was gathering documents as early as December 2024, Plaintiff

requests an order compelling Banghart to produce responsive documents within fourteen (14) days

of any order granting Plaintiff's motion.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court order Banghart

to produce the requested documents, along with such other and further relief as the Court deems

just and proper, within fourteen (14) days of any order granting the relief requested herein.

Dated: March 3, 2025

Respectfully submitted,

_____/s/ *Kara L. Gorycki*_____
Kara L. Gorycki
NY Atty ID: 4140992, admitted Pro Hac
Vice to Eastern District of Louisiana
Email: kgorycki@nmllplaw.com
Andrew T. Miltenberg
NY Atty ID: 2399582, admitted Pro Hac
     Vice to Eastern District of Louisiana
Email: amiltenberg@nmllplaw.com
NESENOFF & MILTENBERG, LLP.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Telephone: (212) 736-4500

-and-

Alex Robertson
LA Atty ID: 37285

Email: alex@mrmlaw.com
Marcelle Robertson Mestayer, LLC
650 Poydras St. Ste. 2720
Telephone: (504) 910-6220

*Attorneys for Plaintiff*

9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| JOHN DOE, | Civil Action No. 2:23-cv-01348 |
| *Plaintiff,* | Section: P(3) |
| v. | Judge Darrel James Papillon |
| THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND d/b/a TULANE UNIVERSITY, | Mag. Judge Eva J. Dossier |
| *Defendant.* |  |

<u>**NOTICE OF SUBMISSION**</u>

PLEASE TAKE NOTICE that Plaintiff, John Doe's Motion to Compel NonParty Noa

Banghart's Production Of Documents In Response To Subpoena will be submitted on April 8, 2025

to Magistrate Judge Eva J. Dossier, United States District Court of the Eastern District of Louisiana,

at 500 Poydras Street Room B335 at 2:00 p.m., or as soon thereafter as counsel may be heard.

Dated: March 5, 2025

Respectfully submitted,

 /s/ *Kara L. Gorycki*
Kara L. Gorycki
NY Atty ID: 4140992, admitted Pro Hac
Vice to Eastern District of Louisiana
Email: kgorycki@nmllplaw.com
Andrew T. Miltenberg
NY Atty ID: 2399582, admitted Pro Hac
Vice to Eastern District of Louisiana
Email: amiltenberg@nmllplaw.com

NESENOFF & MILTENBERG, LLP.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Telephone: (212) 736-4500

-and-

Alex Robertson
LA Atty ID: 37285

Email: alex@mrmlaw.com
Marcelle Robertson Mestayer, LLC
650 Poydras St. Ste. 2720
Telephone: (504) 910-6220

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

_____

JOHN DOE,

             **Plaintiff,**

    v.

THE ADMINISTRATORS OF
THE TULANE EDUCATIONAL
FUND d/b/a TULANE UNIVERSITY,

             **Defendant.**

_____

Civil Action No. 2:23-CV-01348
Section: P(4)
Judge Darrel James Papillion
Mag. Judge Eva J. Dossier

## RULE 37 CERTIFICATE

Plaintiff, John Doe, certifies, through counsel of record, that Plaintiff attempted to confer in good faith with counsel for Noa Banghart in an effort to obtain the relief Plaintiff seeks without court action. As outlined in the Declaration of Kara L. Gorycki, dated March 3, 2025, those efforts failed, necessitating the instant motion.

Dated: March 5, 2025

            Respectfully submitted,

            _____/s/ _Kara L. Gorycki_____
            Kara L. Gorycki
            NY Atty ID: 4140992, admitted Pro Hac
            Vice to Eastern District of Louisiana
            Email: kgorycki@nmllplaw.com
            Andrew T. Miltenberg
            NY Atty ID: 2399582, admitted Pro Hac
                Vice to Eastern District of Louisiana
            Email: amiltenberg@nmllplaw.com
            NESENOFF & MILTENBERG, LLP.
            363 Seventh Avenue, Fifth Floor
            New York, New York 10001
            Telephone: (212) 736-4500

            -and-

            Alex Robertson

LA Atty ID: 37285
    Email: alex@mrmlaw.com
Marcelle Robertson Mestayer, LLC
650 Poydras St. Ste. 2720
Telephone: (504) 910-6220

*Attorneys for Plaintiff*

2