UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN DOE** | * | **CIVIL ACTION NO. 2:23-cv-01348** |
| | * | |
| **VERSUS** | * | **SECTION: P (4)** |
| | * | |
| **THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND** | * | **JUDGE DARREL JAMES PAPILLION** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **EVA J. DOSSIER** |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b) and consistent with the Court's inherent authority to control its docket, Defendant The Administrators of the Tulane Educational Fund ("Tulane") respectfully moves this Court to modify the Amended Scheduling Order entered March 25, 2025 (R. Doc. 42) ("Tulane's Scheduling Order") (i) to align certain discovery deadlines in the Tulane's Scheduling Order with those in the Scheduling Order for Plaintiff's separate lawsuit ██████████████████████████████████████████████ and (ii) to swap the trial date in the ████████████████ with the trial date in the Tulane Scheduling Order so that Plaintiff's lawsuit ██████████████████████████ is set for trial before this lawsuit against Tulane ("Tulane Litigation"). ████████ consents to this motion and has filed a nearly identical motion in her case.

## ARGUMENT

The Court may modify a scheduling order under the federal rules "for good cause," Fed. R. Civ. Proc. 16(b)(4), as well as under its inherent authority to control its docket, *Horizon River Restaurants, LLC v. French Quarter Hotel Operator, LLC*, No. 22-3955, 2024 WL 5077861, at *1

#5577393v1

(E.D. La. Dec. 11, 2024) (Papillion, J.) ("The control of discovery in a federal civil action is left to the district court's sound discretion.").

In the Fifth Circuit, courts evaluate four factors to determine whether good cause exists for alteration of a scheduling order: (1) the explanation for any failure to timely comply with the scheduling order; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure any prejudice. *Id.*

Because Tulane has not missed any deadlines in the Tulane Scheduling Order and is not requesting that any deadlines be extended, we address only the second and third factors in this motion. Here, good cause exists to modify the Tulane Scheduling Order—both to align the discovery deadlines in ███████████ with those in the Tulane Litigation and to move trial in ███████████ before trial in the Tulane Litigation—because each requested amendment is important to avoid unfair prejudice to Tulane and neither amendment will unfairly prejudice Plaintiff.

I.  **The Discovery Deadlines In Both Lawsuits Should Be The Same.**

Good cause exists to align the discovery deadlines in the Tulane Scheduling Order with those in the ███████████ because Plaintiff, ███████ and Tulane have agreed to coordinate on fact discovery in both cases, and both cases stem from the same underlying facts—namely, that the common Plaintiff ███████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

██████

After Tulane investigated and substantiated separate complaints by both women, Plaintiff initiated separate lawsuits ███████████ and Tulane—███████████████████████

███████████████████████████████████████████████████ and the Tulane Litigation challenging Tulane's process for investigating and substantiating ███████████████

#5577393v1                                    2

Because the lawsuits arise from the same facts and will necessarily involve overlapping evidence, Plaintiff, Tulane, and ▮▮▮▮ have agreed "that coordination of fact discovery in the two actions would serve the interests of economy and efficiency" which is memorialized in Joint Discovery Stipulations that each party has agreed to.  In these Joint Discovery Stipulations, the parties have also agreed that fact discovery materials from one case will be deemed to have been produced or taken in this case and available for the parties to use as if they had originally been produced or taken in this case (and vice versa).  The requested change in discovery deadlines is minor and will not prejudice Plaintiff.  Accordingly, Tulane respectfully requests this Court to modify the Scheduling Orders in both cases so that each case has these same deadlines:

Amendments to pleadings – May 2, 2025
Plaintiff's expert reports – December 12, 2025
Defendants' expert reports – January 26, 2026
Rebuttal reports – February 24, 2026
Discovery deadline – March 19, 2026.

Plaintiff does not oppose this request.

**II.    The ▮▮▮▮▮▮ Should Go To Trial First.**

Good cause also exists to modify the Tulane Scheduling Order so that the trial in the Tulane Litigation proceeds first.  The two cases have been set for trial in the Summer of 2026 within weeks of each other.  Tulane's trial is set to begin on June 22, 2026, and ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮.  Tulane proposes swapping the two trial dates so that the ▮▮▮▮ may begin first.

It is only logical for the Tulane Litigation to proceed to trial second as Plaintiff's claims against Tulane are largely predicated on his claims ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Tulane

#5577393v1                                3

Litigation stems from those underlying issues as Plaintiff has alleged that Tulane's process for investigating and substantiating those complaints was flawed. While the two cases involve separate claims, the facts and issues underlying the ▮▮▮ serve as a predicate for the Tulane Litigation.

By contrast, swapping the trial dates should not prejudice Plaintiff. The parties in both cases are coordinating and exchanging written discovery responses and documents, and no depositions have been taken in either case. ▮▮▮

▮▮▮ This would not only promote judicial efficiency, but it would also preserve additional expenses through timely and organized litigation. *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir.2016). Additionally, modifying the scheduling order would not be prejudicial to Plaintiff, as it would only affect the *prospective* dates and deadlines in the scheduling order. The district court in *Cole v. Sandel Med. Indus., L.L.C.* emphasized that Rule 16(b) should be applied only to future deadlines, as amending a scheduling order would not be retrospective in its effect. *Cole v. Sandel Med. Indus., L.L.C.*, 413 F. App'x 683, 689 (5th Cir.2011). In that case, the Fifth Circuit emphasized that the district court retains the "broad discretion to preserve the integrity and purpose of the pretrial order." *Id*. at 690. In doing so, the district court may amend the scheduling order where circumstances warrant modification to preserve judicial efficiency and resources.

Therefore, Tulane proposes that that the two cases swap their trial dates so that ▮▮▮

██████████████████████████████████████

██████████ Plaintiff opposes this request.  However, Tulane notes that he is available and scheduled to be at trial on both dates and would not have to rearrange his schedule in any respect.

## CONCLUSION

For the foregoing reasons, Tulane respectfully requests that the pre-trial and trial deadlines be modified as set forth herein.

Respectfully submitted,

*/s/ Amy L. McIntire*
Julie D. Livaudais, Bar No. 1183
Amy L. McIntire, Bar No. 35241
Rosalie M. Haug, Bar No. 37720
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-2300
Telephone:  (504) 585-7000
Telefax:     (504) 544-6054
Email: livaudais@chaffe.com
           mcintire@chaffe.com
           haug@chaffe.com

*ATTORNEYS FOR THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND*