UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1348** |
| **THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND** | **SECTION: "P" (3)** |

## ORDER

Before the Court is Plaintiff John Doe's Consent Motion to Seal Portions of Plaintiff's Opposition to Defendant's Motion to Modify the Scheduling Order (R. Doc. 64).

The Fifth Circuit has advised that "[t]o decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[1] "[T]he working presumption is that judicial records should not be sealed. . . . And, to the extent that any sealing is necessary, it must be congruent to the need."[2] "Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption."[3] Thus, while there is a presumption of public access to judicial records, court have recognized that this access is not absolute.[4]

---

[1] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).
[2] *Id.*
[3] *Shell Offshore, Inc. v. Eni Petroleum US LLC*, No. 16-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (quoting *Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)).
[4] *See, e.g., S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)); *N. Cypress Medical Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203-04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information) (citations omitted); *Gomez v. Biomet 3i, LLC*, No. 21-945, 2022 WL 1302885, at *4 (E. D. La. May 2, 2022) ("When a document reflects confidential medical records . . . the court may be justified in sealing those specific portions of the document at issue."); *Doe v. Stegall*, 653 F.2d 185, 185-86 (5th Cir. 1981) (finding that a request to sue under a pseudonym "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings").

Having reviewed the memorandum Doe seeks to file with redactions (R. Doc. 64-1), the Court finds that the interests favoring nondisclosure outweigh the common law right of access to these materials, as the Court previously determined.[5]  Accordingly,

**IT IS ORDERED** that Plaintiff John Doe's Consent Motion to Seal Portions of Plaintiff's Opposition to Defendant's Motion to Modify the Scheduling Order (R. Doc. 64) is **GRANTED**. The Clerk of Court is directed to file under seal Plaintiff John Doe's unredacted memorandum (R. Doc. 64-1) as an attachment to Plaintiff John Doe's memorandum in opposition (R. Doc. 63).

New Orleans, Louisiana, this 18th day of June 2025.

                    **DARREL JAMES PAPILLION**
                    **UNITED STATES DISTRICT JUDGE**

---

[5] *See* R. Doc. 9.