## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1348** |
| **THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND** | **SECTION: "P" (3)** |

## ORDER & REASONS

Before the Court is the Motion to Modify Scheduling Order filed by Defendant, The Administrators of the Tulane Educational Fund ("Tulane").[1] Plaintiff, John Doe ("Doe"), opposes the motion.[2] For the reasons that follow, the Motion is **GRANTED**.

### I.    BACKGROUND

Doe is a former student at Tulane who was expelled after Tulane investigated allegations that he sexually assaulted two fellow students, Jane Doe ("Jane") and Sue Roe. In this action, Doe alleges Tulane violated Title IX by conducting a flawed and biased investigation into the sexual assault accusations against him and that Tulane acted arbitrarily and capriciously in investigating the allegations, breaching Doe's contract with Tulane as a student. In a separate action, Doe has sued Jane for defamation because she allegedly made false reports of sexual assault to Tulane, among other claims (the "Other Action").

Tulane now seeks to modify the Amended Scheduling Order in this action by (1) harmonizing the discovery deadlines with those in the Other Action and (2) moving the trial in this action after the trial in the Other Action.[3] The parties agree that the discovery deadlines should be harmonized, but Doe opposes Tulane's second request.[4]

---

[1] R. Doc. 60.
[2] R. Doc. 63.
[3] R. Doc. 60.
[4] *See* R. Doc. 63.

## II.    LAW & ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Courts in the Fifth Circuit consider four factors to determine whether a Rule 16(b)(4) motion should be granted: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[5]

### A.  Switching trial dates

As Tulane notes (and Doe does not dispute), it has not missed any of the deadlines in the March 25, 2025 Amended Scheduling Order and, because it is not requesting any deadlines be extended, a continuance is unnecessary to accommodate its requested change to the trial date. Thus, the Court's analysis focuses on the second and third factors to determine whether the trial in this action should take place after the trial in the Other Action.

Tulane argues that its proposed change to the Amended Scheduling Order is important because proceeding with the Other Action first will promote judicial economy.[6]  In the Other Action, Doe claims that Jane lied when she reported to Tulane that Doe had sexually assaulted her. Here, Doe alleges that Tulane violated Title IX in its handling of Jane's and Sue's sexual assault complaints.[7]  Tulane argues that scheduling trial in the Other Action first will help simplify the issues at trial in this case by narrowing the disputed factual issues here—namely, whether Doe sexually assaulted Jane.[8]  Tulane also argues that Doe will not suffer any prejudice by switching

---

[5] *Lupis v. City of Tex. City*, No. 23-40445, 2024 WL 4678880, at *6 (5th Cir. Nov. 5, 2024) (quoting *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016)) (internal quotation marks omitted) (cleaned up).

[6] R. Doc. 60-1 at 3.

[7] R. Doc. 1 at 81-90.

[8] R. Doc. 60-1 at 4.

the trial dates because if he prevails at trial in the Other Action, his claims against Tulane will be bolstered, and if he loses, he can still argue Tulane's investigation was biased and arbitrary.[9]

In his opposition, Doe contends that Tulane will not be prejudiced by the current order of trials and that the issues in the two cases are sufficiently distinct such that no time or expense will be saved by putting the Other Action trial first.[10]  Doe also argues that any delay in obtaining his relief in this action—specifically, the injunctive relief he seeks in Tulane removing the notation of expulsion from his transcript—weighs against pushing back trial in this action by three weeks.

The Court finds that proceeding with trial in the Other Action first could simplify the factual issues at trial in this action.  As Magistrate Judge Dossier noted in a previous order, Doe's claims here do not necessarily implicate the veracity of Jane's report of sexual assault.[11]  Nevertheless, Jane's report serves as a factual predicate for Doe's claims here, and some dispute over the veracity of Jane's report of sexual assault may be unavoidable.  A verdict in either party's favor in the Other Action could, therefore, prove more efficient for the parties and the Court by potentially precluding the parties in this action from disputing whether Jane truthfully reported sexual assault by Doe. [12]

If a jury finds that Jane lied in her report to Tulane that Doe sexually assaulted her, Doe could arguably begin trial in this action with some degree of an advantage because Tulane's investigation presumably arrived at a different conclusion.  On the other hand, a verdict in favor of Jane would still allow Doe to argue that Tulane's investigation was flawed.  Moreover, any

---

[9] *Id.*
[10] R. Doc. 63 at 1-2.
[11] *See* R. Doc. 28 at 10.
[12] To be clear, the Court has not determined whether collateral estoppel or a similar legal theory could apply to prevent a party in this case from disputing a factual or legal issue decided in the Other Action, or vice versa.

prejudice to Doe from delaying his relief against Tulane by another three weeks is minimal, considering this action has been pending since April 2023.

By proceeding with the trials as currently scheduled, the Court may have to preside over two disputes of the same factual matter, unnecessarily burdening judicial resources and adding litigation costs. Thus, the Court finds that the efficiency gains in proceeding with the Other Action first, followed by trial in this action, outweigh the relatively minimal prejudice Doe will suffer from this change.

### B. Harmonizing discovery deadlines

The Court finds good cause for Tulane's unopposed request to modify the pretrial deadlines in the Amended Scheduling Order. Accordingly, the Amended Scheduling Order is modified as set forth below:

- Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **DECEMBER 12, 2025.** This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

- Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **JANUARY 26, 2026.** This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

- Written rebuttal reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant no later than **FEBRUARY 24, 2026.** Plaintiff is cautioned that rebuttal reports should be strictly limited to opinions in response to the Defendant's expert reports.

- Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and a list of all exhibits which may or will be used at trial no later than **FEBRUARY 24, 2026.**

- Depositions for trial use shall be taken and all discovery shall be completed no later than **MARCH 19, 2026.** This case does not involve extensive documentary evidence,

depositions or other discovery. No special discovery limitations beyond those established in the Federal Rules, Local Rules of this Court, or the Plan are established.[13]

### III.    CONCLUSION

**IT IS ORDERED** that Tulane's Motion to Modify the Scheduling Order (R. Doc. 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Scheduling Order (R. Doc. 42) is hereby modified as set forth in Section I.B.

**IT IS FURTHER ORDERED** that **trial** in this action is hereby rescheduled from June 22, 2026, to **July 13, 2026, at 9:00 a.m.**  The **status conference** previously scheduled for March 18, 2026, is hereby rescheduled to **April 8, 2026, at 2:00 p.m.**, and the **pretrial conference** previously scheduled for June 10, 2026, is hereby rescheduled to **July 1, 2026, at 11:30 a.m.**  The corresponding dispositive motion, motion *in limine*, and all other pretrial deadlines tied to those dates that have not yet expired are adjusted accordingly.[14]

New Orleans, Louisiana, this 10th day of July 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[13] Tulane's Motion also proposes May 2, 2025, as the deadline for amendments to pleadings.  *See* R. Doc. 60-1 at 3. That deadline passed before Tulane filed this Motion and will not be extended absent a duly filed motion showing good cause.
[14] *See* R. Doc. 42 at 3; R. Doc. 42-1.