**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOHN DOE** | * | **CIVIL ACTION NO. 2:23-cv-01348** |
| | * | |
| **VERSUS** | * | **SECTION: P (3)** |
| | * | |
| **THE ADMINISTRATORS OF THE** | * | **JUDGE DARREL JAMES PAPILLION** |
| **TULANE EDUCATIONAL FUND** | * | |
| | * | **MAG. JUDGE EVA J. DOSSIER** |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

## ORDER AND REASONS

Considering the Joint Motion to File Unredacted Tulane Memornadum in Support of Summary Judgment and Summary Judgment Exhibits Under Seal; Memorandum of law, and proposed summary judgment Exhibits A-V, the motion is **GRANTED**.

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "And the public's right of access to judicial records is a fundamental element of the rule of law." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519 (2022) (quoting *Leopold v. United States (In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders)*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)) (internal quotations omitted). For this reason, there is a presumption against sealing documents and the party moving to seal "bears the burden to show that the interest in secrecy outweighs the presumption." *Shell Offshore, Inc. v. Eni Petroleum US, LLC*, No. 16-CV-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (internal quotations and citations omitted). As such, the Fifth Circuit has instructed that "a judge cannot seal public documents merely because a party asks to add them to the judicial record." *June Med. Servs.*, 22 F.4th at 520. Instead, "the court must undertake a ... line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (quoting *Le*, 990 F.3d at 419) (internal quotations omitted).

#5968541v1

After careful review, the Court agrees that it is appropriate to seal unredacted summary judgment Exhibits A-B and D-V.  The Court further agrees that an unredacted copy of Tulane's memorandum in support of its Summary Judgment should be filed under seal. This case is based on two, alleged sexual assaults involving former Tulane students.  Although there is a presumption of openness with respect to court records, Rule 26 of the Federal Rules of Civil Procedure permits documents to be sealed for "good cause." Fed. R. Civ. P 26; *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 516 (5th Cir. 2022).   Here, this Court previously prohibited the disclosure of Plaintiff's and the two, alleged sexual assault victims' real names for privacy reasons:

> Applying the *Stegall* factors here, the Court finds that Plaintiff's interest in proceeding anonymously outweighs the public interest in open proceedings with respect to himself, Sue Roe, and Jane Doe. This suit arises from claims related to Plaintiff's sexual conduct with Sue Roe and Jane Doe, and will require the disclosure of private, intimate details concerning their sexual interactions. Thus, this case will require Plaintiff to disclose information regarding himself, Sue Roe, and Jane Doe that is of the "utmost intimacy." As to Sue Roe and Jane Doe, their right to privacy regarding the events described in the Complaint also outweigh the public's right to know their identity.

Rec. Doc. 9, at 3-4.  The Court also previously ordered that Plaintiff be referred to a "John Doe" in public filings, that Plaintiff's name and identifying information be redacted from public filings and that the complainants in the underlying disciplinary proceedings be identified as "Sue Roe" and "Jane Doe" in public filings. Rec. Doc. 9, at p. 5. This is consistent with case law in which federal courts have prohibited disclosure of the identities of plaintiffs in similar Title IX cases and alleged student victims. *Doe v. Stegall*, 653 F.2d 185, 185 (5th Cir. Unit A 1981); *Doe v. Louisiana State Univ.,* Civ. A. No. 20-379-BAJ-SDJ, 2020 WL 6493768 at *2; *See,* R. Doc. 8 in *Doe v. The Administrators of the Tulane Educational Fund,* Civ. A. No. 19-11403 (E.D. La. July 2, 2019) (Vance, J.) (citing authority); R. Doc. 7 in *Doe v. Tulane University et al.,* Civ. A. No. 17-12081 (E.D. La. Nov. 17, 2017) (Feldman, J.); The two alleged female victims have a right to privacy that outweigh the public's right to know their identity. *Doe v. Univ. of Mississippi,* Civ. A. No.

3:21-cv-201-DPJ-FKB, 2021 WL 6752261, at *2 (S.D. Miss. Apr. 14, 2021) (Ball, M.J.) (quotation and quotation marks omitted); *Doe v. Louisiana State Univ.,* Civ. A. No. 20-379-BAJ-SDJ, 2020 WL 6493768, at *2 (M.D. La. June 30, 2019) (Johnson, M.J.).  At least one court has sealed the entirety of summary judgment briefing and exhibits for similar student privacy reasons. *C.M. for C.C. v. Warren Indep. Sch. Dist.,* No. 9:16-CV-165, 2017 WL 4479613, at *10 (E.D. Tex. Apr. 18, 2017) (granting motion to seal summary judgment briefing and exhibits because "[t]he summary judgment briefing in this case, as well as the attached exhibits, contain a lengthy history of C.C.'s educational, academic, and disciplinary history.").

Here, the parties seeks to seal only those portions of unredacted summary judgment Exhibits A-B and D-V to the extent they identify Plaintiff and the two, alleged sexual assault victims.  This is consistent with controlling case law and this Court's prior order prohibiting the disclosure of Plaintiff's and the two, alleged sexual assault victims' identities for privacy reasons.

The Court has also reviewed Exhibit C to Tulane's Motion for Summary Judgment, as well as the lines at page 2 of Tulane's memorandum in support of the Motion and finds it appropriate to file each under seal because they concern Plaintiff's most private and sensitive discussions with his therapist as documented in clinical notes that are part of his medical records. *Molina v. Unum Life Ins. Co. of America*, No. 22-cv-4744, 2024 WL 6893177, at *1 (E.D. La. Feb. 27, 2024) (Papillion, J.) ("The need to protect sensitive personal and medical information is among those the that the courts have found to justify nondisclosure."). Exhibit C may be maintained under seal in its entirety and redactions are not required. Tulane may file a redacted version of page two of its memorandum in support of its Summary Judgment Motion to the public docket.

**IT IS ORDERED** that the Motion (R. Doc. 99) is **GRANTED** and Defendant's Motion for Summary Judgment (R. Docs. 99-3 through 99-51) be filed in the record.

#5968541v1

**IT IS FURTHER ORDERED** that Tulane's unredacted Memorandum in Support of Summary Judgment and Summary Judgment Exhibits A-V be and are hereby filed **UNDER SEAL.**

New Orleans, Louisiana, this 24th day of April, 2026

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE